# T. WALLACE MORE, ALEXANDER P. MORE, AND HENRY H. MORE *v.* YGNACIO DEL VALLE *et als.*

RULES OF PRACTICE ACT IN FORCIBLE ENTRY AND DETAINER.—The provisions of the Civil Practice Act, with regard to the denials of the allegations of the complaint by the answer, apply to actions of forcible entry and detainer instituted under the Act of 1863, and to said actions upon all other points not otherwise provided for in said Act.

ANSWER IN FORCIBLE ENTRY AND DETAINER.—If the answer in forcible entry and detainer under the Act of 1863 does not deny the material allegations of the complaint, and no material new matter is set up, no issue is raised, and plaintiff is entitled to judgment on the pleadings.

FORM OF DENIAL IN ANSWER.—If an allegation of a complaint consists of several clauses or propositions connected by the copulative conjunction "and," a denial of the entire allegation is evasive and insufficient. Each proposition should be separately denied.

GOLD COIN JUDGMENT FOR COSTS.—It is error for the Court to adjudge the costs in an action of forcible entry and detainer to be paid in gold coin.

DESCRIPTION OF LAND IN COMPLAINT.—The description of the premises in a complaint in forcible entry and detainer was as follows: "That tract or parcel of land situated in the County of Santa Barbara, and known as the Rancho Sespe, granted by the Mexican nation to Don Carlos Antonio Carillo, by grant dated November 29th, 1833, and bounded and described as follows: bounded by the Missions San Fernando and San Buenaventura, situated in the then jurisdiction of Santa Barbara, containing six square leagues * * * a little more or less." *Held*, that upon the face of the pleadings the description was sufficient.

AVERMENT IN COMPLAINT OF LOCATION OF LAND.—If the complaint in forcible entry and detainer avers that the lands are in the county where the suit is brought, a failure to mention the State will not be a fatal defect.

AVERMENT OF POSSESSION IN COMPLAINT.—If the complaint in forcible entry and detainer sufficiently shows an actual peaceable possession in plaintiff, it will be

sufficient without the use of the word " actual;" but it is better to use the statutory term.

JUDGMENT OF APPELLATE COURT WHEN NO ISSUE IS RAISED.—If the answer does not deny the allegations of the complaint, and plaintiff moves for judgment on the pleadings, and the motion is denied, and on the trial defendant recovers judgment, on appeal the judgment will be reversed and a new trial awarded, with leave to defendant to amend.

EXCEPTIONS TO BE ATTACHED TO JUDGMENT ROLL.—Bills of exceptions made during the progress of a trial should, under sections one hundred eighty-eight, one hundred eighty-nine, and two hundred nine of the Practice Act, be written down, settled, and signed by the Judge, filed in the case, and afterwards annexed to the judgment roll.

AVERMENT OF TITLE IN FORCIBLE ENTRY AND DETAINER.—If the complaint in forcible entry and detainer avers title in plaintiff, the averment may be treated as surplusage.

APPEAL from the County Court, Santa Barbara County.

The facts are sufficiently stated in the opinion of the Court.

*S. F. & J. Reynolds*, for Appellants.

The answers contains no denial of any material allegation in the complaint. There is no attempt to deny the damages alleged, nor that the plaintiffs were in the " quiet, peaceable and exclusive possession" of the premises, as averred. And the attempted denial that the defendants "did forcibly, unlawfully, and fraudulently enter into the possession," is entirely insufficient. The answers, in effect, admit the entry as averred. (*Busenius v. Coffee*, 14 Cal. 83 ; *Blankman v. Vallejo*, 15 Cal. 644 ; *Kuhland v. Sedgwick*, 17 Cal. 127 ; *Woodworth v. Knowlton*, 21 Cal. 168.)

The rules of pleading and practice are the same in these as in other civil cases. (Stat. of 1863, p. 655, Sec. 14.)

*Eugene Lies*, for Respondents.

*Actual* possession should be alleged, being an essential fact necessary to the support of this action. The complaint neither sets forth the facts that would constitute actual possession, nor uses the statutory word.

As to what constitutes actual possession, see *Preston v. Kehoe*, 15 Cal. 315 ; *House v. Keyser*, 8 Cal. 499 ; *City of San Francisco v. Beideman*, 17 Cal. 451.

A mere answer of not guilty would be sufficient. (*Kinney* v. *Hartman*, 4 Iowa, 154 ; *Henderson* v. *Allen*, 23 Cal. 519 ; *Watson* v. *Whitney*, 23 Cal. 375.)

The assertion that the boundaries of the tract are uncertain puts at issue a material fact. And in the absence of a statement, we may freely assume that plaintiff failed to prove his boundaries.

By the Court, SAWYER, J.

This action was brought in the County Court of Santa Barbara County, under the Act of 1863, concerning forcible entries and detainers. A motion for judgment on the pleadings, on the ground that no material allegation of the complaint is denied by the answer, having been made and denied, a trial was had, and a verdict and judgment rendered in favor of defendants. Plaintiff appeals.

There is no attempt in the answer to deny several of the material allegations of the complaint, as the peaceable possession of the plaintiff, the damage, etc. There is an attempt to deny the allegations as to the forcible entry and the forcible detainer ; but if the provisions of the Civil Practice Act on the subject are applicable to this action, the denials in the answer, under the repeated decisions of this Court and of our predecessors are insufficient. Portions of the allegations are denied conjunctively. An allegation consisting of several clauses or propositions connected by the copulative "and" may not be true, as a whole, and can therefore be safely denied in that form, while one material branch of it may be true, and cannot for that reason be separately denied. A denial of the entire proposition in such case is evasive and insufficient.

The party must specifically deny each allegation he desires to controvert, and when the allegation is complex, embracing several clauses or propositions, he must deny each branch of the proposition separately and disjunctively, or his denial will be insufficient. (*Landers* v. *Bolton*, 26 Cal. 417.) We think, also, that in this action the rules of pleading prescribed by the

Practice Act upon the point in question, and upon all other points not otherwise provided for in the Forcible Entry and Detainer Act, are to govern. The only denial contained in the answer being defective, and no material new matter having been set up, the answer raised no material issue.

The Court also erred in adjudging the costs to be paid in gold coin.

The respondents insist that the complaint is insufficient in two particulars, viz:

Firstly—The complaint does not "describe the premises sought to be recovered with reasonable certainty," as required by section eight of the Act. It is described as follows: "That certain tract or parcel of land situate in the County of Santa Barbara, and known as the Rancho Sespe, granted by the Mexican Nation to Don Carlos Antonio Carrillo by grant dated November 29, 1833, and bounded and described as follows: 'Bounded by the Missions of San Fernando and San Buenaventura, situated in the then jurisdiction of Santa Barbara, containing six square leagues, or six *sitios de ganado mayor*, a little more or less.' "

We cannot say that this description appears upon the face of the pleadings to be insufficient. We cannot tell what the evidence may show in regard to it. It may be that there will be no difficulty in applying the description to the lands. The plaintiffs can only recover the lands of which they were in the actual peaceable possession, and upon which the forcible entry was made. And the precise lands sought to be recovered should be described "with reasonable certainty." The suit is brought in the County of Santa Barbara, and the land is described as being in the County of Santa Barbara. We think the intendment must be, that the land is in the county where the suit is brought, and that a failure to mention the State in the description is not a fatal defect.

Secondly—The allegation of possession is insufficient because the word "actual" is omitted, that word being used in section two, which prescribes the particulars necessary to be proved to entitle plaintiff to recover. We think the objection not

tenable. Taking the entire allegations of the complaint, an actual, peaceable possession is sufficiently alleged. It would be better, however, to use the word " actual " in those cases. The plaintiff alleges title, but this is unnecessary and may be regarded as surplusage.

As the Court below held the answer to be sufficient we think a new trial should be had. Had the ruling of the Court been otherwise, probably the defendants would have asked leave to amend. When the case goes back they can apply to the Court below for leave to amend their answers if they so desire.

In this case, as in many others, the entire minutes of the Court are copied into the transcript. This is not proper, as we have often held. See *Harper* v. *Minor*, 27 Cal. 197, where we distinctly pointed out the proper practice.

Exceptions taken during the progress of a trial under sections one hundred eighty-eight and one hundred eighty-nine of the Practice Act, whether " delivered in writing to the Judge " by the counsel, or " written down by the Clerk," should be written upon sheets of paper, settled and signed by the Judge, and filed in the case ; and when the judgment roll is made up, attached to the judgment roll. The proper place for these exceptions is not in the minutes of the Court, for they are to form a part of the judgment roll. (Section 203, second clause.) When an appeal from the judgment is taken, these bills of exceptions are certified up as a part of the judgment roll, and not as copies from the minutes of the Court.

Judgment reversed and new trial ordered.


Mr. Justice SHAFTER delivered the following opinion, concurring specially, in which Mr. Justice RHODES concurred :

I concur in the opinion, but still do not consider that the plaintiffs' allegation that they were peaceably possessed involves an averment that they were actually possessed. The complaint, however, states that the plaintiffs had the land "reduced to their absolute dominion and control," and that the defendants "drove

and expelled the plaintiffs and their cattle from said lands."
These statements presuppose an actual possession on the part
of the plaintiffs.   But as the fact of actual possession appears
only by way of argument or inference, advantage can be taken
of it only by special demurrer, and no such demurrer was
interposed in the Court below.