## WALTER C. DIMICK v. MARGARET CAMPBELL.

JUDGMENT ROLL.—An affidavit upon which to base a motion to strike out an answer, and notice of such motion and affidavit of its service, constitute no part of the judgment roll.

ERROR NOT PRESUMED.—Error will not be presumed, and if the record does not show that the Court erred in striking out an answer, the judgment will not be reversed on this ground.

SERVICE OF SUMMONS.—An affidavit of service of a summons which states the facts

constituting affiant a competent witness is sufficient, without stating that he is competent.

JUDGMENT FOR DAMAGES BY DEFAULT.—A judgment in ejectment awarding damages, rendered on a default, will not be reversed because it does not appear that the Court examined witnesses upon the question of damages.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

Ejectment to recover a lot in San Francisco, and for two hundred dollars damages.

The following was the affidavit of service of summons :

" George D. Symonds, being duly sworn, says, he is a free white male citizen of the United States ; over twenty-one years of age, and not interested in the event of this suit, and that on the 29th day of May, 1865, he served the within summons on said defendant, Margaret Campbell, by delivering to her, in hand in said city and county, a copy of this summons, attached to a certified copy of this complaint, duly certified by the County Clerk of said city and county to be a true copy."

The defendant appealed from the judgment.

The other facts are stated in the opinion of the Court.

*Rowley & Rowley,* and *Jabish Clement,* for Appellant, argued that the affidavit of service of summons was defective, in not stating the fact that Symonds was competent to be a witness on the trial of the action, and that therefore the Court acquired no jurisdiction; and cited *McMillan* v. *Reynolds,* 11 Cal. 372 ; and *Ricketson* v. *Richardson,* 26 Cal. 149.

*George W. Tyler,* for Respondent, argued that the affidavit of service of summons was sufficient, as it stated the facts which showed the affiant to be a competent witness.

By the Court, SAWYER, J. :

This is an appeal from the judgment, and there being no statement on appeal, we can only examine such questions as arise on the judgment roll. The affidavit and notice of motion to strike out defendant's answer, and affidavit of service of said notice, constitute no part of the judgment roll, and are improperly in the record. (*Abbott* v. *Douglass*, 28 Cal. 295.) Disregarding these documents, as we are compelled to do, and looking to the judgment roll alone, it cannot be determined upon what ground the District Court struck out the defendant's answer. We cannot presume error, and the record does not show that the Court erred in striking out the answer. The judgment, therefore, cannot be reversed on this ground.

The affidavit of service of summons we think sufficient. The affiant states the facts which would make him a competent witness on the trial of the action, and an averment that he is a competent witness would only be the expression of his opinion upon the subject, and would add nothing to the force of the facts already stated.

Whether the Court examined witnesses as to the damages, does not appear from the record. The general sum claimed in the complaint was not for use and occupation merely, but damages. The plaintiff alleges his damages at two hundred dollars, and demands judgment for that sum, as damages. There is no error disclosed in awarding two hundred dollars damages.

On the record properly before us, we think the judgment must be affirmed, and it is so ordered.