We are of opinion that the writ be dismissed; and it is so ordered.

[No. 2,784.]

## DENNIS C. FEELY v. SILAS SHIRLEY.

STRIKING OUT PART OF A PLEADING.—The ruling of the Court in striking out a portion of a complaint or answer does not form a part of the judgment roll, and cannot be reviewed on appeal, unless made a part of the record by a statement or bill of exceptions.

ISSUES IN PLEADINGS.—If the complaint avers that the defendant wrongfully broke down the plaintiff's flume for carrying water, and the answer denies that the defendant, wrongfully or otherwise, broke down the flume, it is an admission that the defendant broke down the flume, and only a denial of its wrongful character.

DAMAGES FOR WRONGFUL ACT.—If a complaint avers the commission of a wrongful act by the defendant, and the answer merely denies the wrongful nature of the act, and the plaintiff owns the property upon which the injury was done, the plaintiff is entitled to nominal damages without proof that the defendant committed the act.

APPEAL from the District Court of the Third Judicial District, Santa Clara County.

The complaint averred that the plaintiff was the owner and in possession of a ditch and flume, constructed for conducting water, and that he had for a long time been

conveying water in the same for irrigating his land, and that the defendant wrongfully and unlawfully pulled down and destroyed the flume and diverted the water. There was a prayer for an injunction and for judgment for damages.

The answer denied that the defendant wrongfully and unlawfully, or otherwise, pulled down or destroyed the flume and ditch.

The Court, on motion of the plaintiff, struck out a portion of the answer.

The defendant filed a statement and moved for a new trial, and appealed from the judgment, and from an order of the Court below denying a new trial.

In the printed transcript, the appellant included in the judgment roll the respondent's notice of motion to strike out a portion of the answer, and the order made by the Court granting the motion, but said notice and order were not made a part of the bill of exceptions or included in the statement.

The other facts are stated in the opinion.

*C. C. Stephens*, for Appellant.

*Belden & Younger*, for Respondent.


By the Court, NILES, J.:

The ruling of the Court in striking out a portion of the answer cannot be reviewed upon this appeal, since it forms no part of the judgment roll. (*Dimmick* v. *Campbell*, 31 Cal. 238; *Moore* v. *Del. Valle*, 28 Cal. 174.)

The motion for a nonsuit was properly denied. The breaking of the flume was distinctly alleged in the complaint, and the answer took issue upon the wrongful character of the act merely, but did not deny its commission. The breaking was, therefore, an admitted fact; and, conceding the plaintiff's right of property in the flume, no proof of

the breaking was requisite to establish his right to recover at least nominal damages.

The testimony in the case was conflicting, and there appears sufficient testimony to support the findings of the Court upon all the issues made by the pleadings.

Judgment and order affirmed.