LOCKHART v. LITTLE.

In action of claim and delivery, the complaint described the property sued for as "one lot of seed cotton, about 6,000 pounds, 12 stacks of fodder, one load of corn, about 15 bushels, of the total value of $250," and the verdict for plaintiff was in the same form, with the values added. *Held*, that both complaint and verdict were defective in failing to identify the articles, and judgment thereon was reversed.

Before HUDSON and FRASER, JJ., Spartanburg, June and October, 1886.

The oral demurrer in this case was overruled by Judge Hudson at June term, 1886, and the case was tried before Judge Fraser in October of the same year.

*Messrs. Duncan & Sanders,* for appellant.

*Mr. J. A. Corry,* contra.

March 9, 1889. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The main questions in this case are: 1st. Should a demurrer to the complaint, interposed on the ground that it did not state facts sufficient to constitute a cause of action, have been sustained instead of overruled? 2d. Should the verdict, which was for the plaintiff, have been set aside, because it did not conform to the statute in such cases?

The action was technically an action of claim and delivery of personal property, and the complaint alleged wrongful detention

of the property in general terms, without a special and particular description thereof; for instance, it was described as "one lot of seed cotton, about six thousand pounds, twelve stacks of fodder, one load of corn, about fifteen bushels, of the total value of two hundred and fifty dollars;" and the plaintiff demanded judgment for the recovery of said property, and for the sum of two hundred and fifty dollars damages. A demurrer was orally interposed at the trial, as suggested above, which, being overruled, the case ultimately went to the jury, when a verdict was rendered for the plaintiff as follows: "We find for the plaintiff six thousand pounds of seed cotton, at $2.75 per hundred pounds; three thousand bundles of fodder, at $1.50 per hundred bundles; fifteen bushels of corn, at sixty-five cents per bushel; the total value of the personal property so found to be due to the plaintiff, amounting to the sum of two hundred nineteen and 75-100 dollars." Upon which a judgment was entered as follows: "Therefore it is adjudged, that the plaintiff recover of the defendant the possession of the personal property described in said verdict, to wit, six thousand pounds of seed cotton, three thousand bundles of fodder, and fifteen bushels of corn, or two hundred and nineteen and 75-100 dollars, the value thereof, in case a delivery cannot be had, and also that said plaintiff recover of the defendant her costs and disbursements in this action, amounting to forty-seven and 45-100 dollars."

Actions of claim and delivery are based on title to the precise property sought to be recovered, and to determine this question the property should be described so as to be identified, otherwise there could be no delivery in the event of a verdict for the plaintiff. Such actions are never brought to recover, generally, so much personal property of a certain quantity or quality, and to be satisfied by a verdict for the recovery of property simply of the character mentioned, and of the quality claimed; but the object is to recover special and particular property to which the plaintiff has title, and in case delivery cannot be had, then for its value. And unless the property is described so as to be identified, it would be impossible for the jury to assess its value, or to determine the question of title.

We think that both the complaint and the verdict below were

defective in failing to meet the requirements above. There is not even a description as to location, which possibly might have afforded the means of identification, if it had been stated; nor is there any other mark alleged by which the property claimed could be distinguished from other chattels of the same kind, and we don't see how the sheriff, should he attempt to enforce delivery, could seize any particular lot of cotton seed, corn, or fodder, as having been adjudged the property of the plaintiff. There is nothing to guide him, except quantity, which would be wholly unsatisfactory as a means of identification. The case of *Eason* v. *Miller & Kelley*, 18 S. C., 385, 386, and *Robbins* v. *Slattery*, MSS. Dec., No. 712,[1] are in point, and sustained the appeal. See, also, *Thompson* v. *Lee*, 19 S. C., 492.

---

[1] This case has been so often cited that it should be given in full. It was as follows:

ROBBINS, BODDINGTON & Co.
　　　　　*v.*　　　　　⎱ November Term, 1878.
JAMES F. SLATTERY.

OPINION.

McIVER, A. J. This was an action to recover the possession of certain personal property which seems to have been taken from the possession of the defendant and delivered to the plaintiffs under proper proceedings for that purpose, authorized by the Code of Procedure. The defendant in his answer claimed judgment "for the return of the property taken from him by the sheriff, or its value," and also damages for the detention of the same. Upon the trial the verdict was for the defendant in the following form: "We find for the defendant two hundred and fifty dollars, the value of the timber," and judgment was entered in favor of defendant for that amount of money, and also for the amount of his costs and disbursements. The verdict was rendered on the 16th of March, 1878, and the judgment was entered on the 18th of the same month. On March 28, 1878, notice was given by the plaintiffs that an application would be made to the judge who tried the case for a rule requiring the defendant to show cause at the next term of the court why the verdict and judgment should not be set aside upon the following grounds: "I. That the verdict is for the value of the property, and not for the possession of the property with an assessment for the value thereof. II. That the judgment is for the recovery of the value of the property, and not in the alternative." On hearing the application the Circuit Judge refused the motion, and this is an appeal from his decision.

Under the provisions of the code, as contained in section 301, Gen. Stat., p. 640, we think, in a case like this, where the defendant claimed a return

It is the judgment of this court, that the judgment of the Circuit Court be reversed.

---

of the property in dispute, that the judgment should have been for the return of the property, or for its value in case a return could not be had ; and that a judgment which in effect deprives the party of the right to return the property and forces him to pay the value, was erroneous. · This right he would have had under such a judgment as that contemplated by the code in a case of this kind. This seems to be the construction placed upon a similar provision of the New York Code, as will appear by the authorities cited in appellant's Brief, and is evidently in accordance with the spirit, as well as the letter, of our code. The fact testified to by one of the plaintiffs, that the property in dispute had been carried off and disposed of as to have lost its identity cannot have the effect of altering the kind of judgment to which the party is entitled under the law.

It is contended that this motion came too late, notice of it not having been given within ten days after the trial, as required by the 55th rule of practice for the Circuit Courts. But this was not a motion for a new trial under that rule, but it was an application to set aside an erroneous judgment under section 2 of chapter CV., Gen. Stat., p. 497, to which the rule referred to does not apply.

The judgment of the Circuit Court must be set aside and a new trial is ordered.

WILLARD, C. J., and HASKELL, A. J., concurred.

Filed April 26, 1879.