### LEONARD v. BROCKMAN.

1. CLAIM AND DELIVERY—ATTACHMENT—EVIDENCE.—In an action of claim and delivery for the possession of seven bales of cotton, held under a warrant of attachment issued on an agricultural lien, the question of the cotton being disposed of to defeat the lien could not arise—following Sharp *v.* Palmer, 31 S. C., 449.

2. AGRICULTURAL LIEN—AFFIDAVIT.—An affidavit which states that the lienor "is disposing of his said crops, and to defeat said agricultural lien," is sufficient to base a warrant of attachment upon.

3. IBID.—CLAIM AND DELIVERY.—A warrant of attachment issued on an agricultural lien relates back to the filing of the lien for record, and any right of possession of the crops covered by such lien acquired after such record, is subject to the rights of possession of the lienee.

Before FRASER, J., Spartanburg, October term, 1894. Affirmed.

Action by T. M. Leonard against S. V. Brockman and Marion Thomas, for possession of seven bales of cotton, commenced December 23, 1893.

The cotton was in possession of the defendant, Marion Thomas, as special constable, having been attached by him under warrant on an agricultural lien. The affidavit for obtaining the warrant has the following statement: "And that the said E. N. Rogers is disposing of his said crops, and to defeat said agricultural lien." The affidavit was objected to by plaintiff as being insufficient to base the attachment warrant upon. In regard thereto, the Circuit Judge said, in his charge to the jury: "Now, in the case of ___ v. *Elmore*, which was referred to in the case of *Sharp* v. *Palmer*, the court uses this language: 'The statement in the affidavit was that the defendants positively refuse to pay the said rent, and are actually disposing of crops subject to lien—actually disposing of crops.' Now, the failure to pay does not amount to anything at all, and yet the court says that actually disposing of and the word 'actual' means nothing. In other words, when the affidavit is, that he is actually disposing of the crop, that is sufficient. 'Held sufficient that there was a statement of the positive fact that

the lienors were actually disposing of property subject to the lien.' I don't think the demand of pay has anything to do with it. The court holds simply that the affidavit that a man was disposing of the crop was sufficient foundation for a warrant, while an affidavit that he was about to dispose of the crop was not sufficient. That warrant, I take it, under the ruling in this case, was sufficient. It is true, there are some dicta in Sharp and Palmer which look the other way, but they have been overruled in that case of Elmore. Then that warrant, I take it, is sufficient."

Verdict for the defendants. Plaintiff appeals.

*Messrs. Bomar & Simpson,* for appellant.

*Messrs. Nichols & Jones,* contra.

March 11, 1896. The opinion of the court was delivered by

MR. JUSTICE GARY. This was an action by the plaintiff for claim and delivery of seven bales of cotton. The defendants, in their answer, alleged that said property was part of the cotton raised by E. N. Rogers, who executed, with defendant S. V. Brockman, an agricultural lien over the same on the 6th day of March, 1893, for supplies or advances to be made to raise said crop, and the sum of $42 was advanced on said lien. The said lien was duly indexed in the office of register of mesne conveyance of Spartanburg County, in which county the said parties reside, on the 15th day of March, 1893. That on proceedings before J. J. Gentry, trial justice, a lien warrant was issued in favor of defendant, S. V. Brockman, against the said E. N. Rogers, and said crop was seized by virtue of the same by Marion Thomas, one of the defendants herein, special constable appointed for the purpose. That on the 2d day of December, 1893, the said E. N. Rogers further executed a chattel mortgage over said cotton to defendant, S. V. Brockman, for the sum of $71, which was past due and unpaid at the time of said seizure.

Defendants admit that a demand for said property was made by plaintiff's attorney, but deny that any prior lien was set up in said demand as a basis for the same. Defendants deny each and every other allegation of the complaint.

The case contains the following statement: The cause came to trial at October term of court, 1894, before his honor, Judge Fraser, and a jury. At the trial there was evidence for the plaintiff tending to show that he was the owner of the property in dispute, having bought it from one E. N. Rogers, who, at the time of such purchase, was largely indebted to plaintiff. Plaintiff claimed that this purchase was an absolute one, and that Rogers only required him to pay Brockman's lien from the proceeds of the sale of cotton, and that such purchase was made before the execution of Brockman's mortgage. There was testimony tending to show this. The defendant claimed that the sale was conditional, and was no sale unless it met the approval of Brockman. There was testimony tending to show this. The defendants undertook to justify their possession by evidence, which tended to prove the allegations set up in their answer, namely, that the defendant, S. V. Brockman, held a chattel mortgage over the property, which was past due at the time of the seizure, and also an agricultural lien executed by the defendant, Marion Thomas, for the enforcement of which a lien warrant had been issued. The evidence further tended to show that the cotton was seized at the town of Greers, where it had been hauled by the plaintiff for the purpose of shipment. The jury returned a verdict in favor of the defendant.

Thereupon the plaintiff made a motion for a new trial on the minutes of the court, on the ground, among others, that the evidence before the jury,   *   *   *   such evidence appearing in the mortgage executed by Rogers to Brockman on December 2, 1893, showed that at least a part of the cotton in dispute belonged to plaintiff as rent. The motion for a new trial was refused. Thereafter judgment

was entered in favor of defendants, and the plaintiff appealed to this court upon numerous exceptions.

The first exception is as follows: "In refusing to allow the plaintiff to introduce testimony to show, that he knew of Brockman's lien, and his removal of the cotton was in good faith, and with the intention of selling the cotton and paying such lien, holding that the question was whether or not the property was being disposed of to defeat Brockman's lien, was not and could not be made one of the questions in the case, and in charging the jury to the same effect." The case of *Sharp* v. *Palmer*, 31 S. C., 449, shows that this exception cannot be sustained, and renders further discussion of the question unnecessary.

The second exception is as follows: "In charging the jury that the affidavit upon which the lien warrant was issued was sufficient, and all other proceedings regular, and the warrant was legally issued." This exception points out no specific error, and is not, therefore, properly before this court for consideration. We may say, however, that after a careful consideration of appellant's argument, this court does not think that the grounds urged in their argument are tenable.

The third exception is as follows: "In not holding and charging the jury that if they believed, from the evidence, that E. N. Rogers was not disposing of his property to defeat Brockman's lien, then the warrant was no protection to the defendants, and that plaintiff had the right to raise that question in this action." No request seems to have been made to this effect. The principle, however, for which the appellants contend, is in conflict with *Sharpe* v. *Palmer*, *supra*.

The fourth exception is as follows: "In instructing the jury that even if plaintiff had the property sold to him before this action was begun, before the property was sold by the constable, the defendant would be entitled to a verdict." It nowhere appears in the "Case" that the presiding judge so instructed the jury.

The fifth, sixth, and seventh exceptions will be considered together, and are as follows: 5. "In refusing to charge the jury that if they believed from the evidence that plaintiff had bought the property in dispute before it was mortgaged to defendant by Rogers, then plaintiff was entitled to recover all the cotton or the balance thereof, except so much as was necessary to pay off the lien and the cost of enforcing it." 6. "In refusing to charge the jury that if they believed the contract between plaintiff and Rogers was that the cotton was sold to plaintiff with the understanding that he should pay defendant's lien from the sale of the cotton, and the cotton was turned over to plaintiff before defendant's mortgage was executed under this agreement, then plaintiff had the right to recover all the cotton, or the value thereof, except so much as was necessary to pay off defendant's lien and the costs of enforcing it." 7. "In refusing to charge the jury that even if there was no complete sale of the cotton by Rogers to plaintiff, if the cotton was turned over to plaintiff before defendant's mortgage was executed, with the understanding that plaintiff was to sell it, and after paying defendant's lien to pay the balance of the money on his (plaintiff's) claim, and plaintiff was in possession of the cotton under this agreement when it was taken from him by defendant, Thomas, then plaintiff was entitled to recover all of the cotton, or the value thereof, except so much as was necessary to pay off defendant's lien of $42 and the costs of enforcing it." If Brockman had a lien on the property, to secure advances made to Rogers for agricultural purposes during the year 1893, and the plaintiff had actual or constructive notice thereof before alleged sale of the property to him by Rogers, then the right of Brockman to seize the property under an agricultural warrant to satisfy his lien, was paramount to the alleged title of the plaintiff. In other words, if Brockman had a lien, as aforesaid, when the cotton is alleged to have been sold to the plaintiff, then the seizure of the cotton under the warrant, to satisfy said lien,

had relation back at least to the time when it became a record, and thus gave a right of possession in the defendant paramount to that in the plaintiff, and was sufficient to defeat his recovery in this action of claim and delivery.

The eighth exception is as follows: 8. "In refusing to charge the jury that the lien warrant gave the defendant, Thomas, no right to levy on or sell more of the cotton than was necessary to pay off the lien and costs." This seems to have been taken under a misapprehension. Furthermore, if the plaintiff had requested the presiding judge to charge as to how much of the property the constable had a right to *sell*, such request would present only an abstract question.

The ninth exception is as follows: 9. "In refusing to grant a new trial, when the evidence showed clearly that there was at least a part of the cotton in dispute, namely, so much thereof as was due to the plaintiff as rent, which the plaintiff had the unquestioned right to hold, and which defendant had no right to take from him." To show that this exception cannot be sustained, it is sufficient only to say that no such ground was relied upon by the plaintiff in the trial of the case.

The tenth exception is as follows: 10. "In instructing the jury in effect to bring in a verdict for the defendants." The presiding judge did not so instruct the jury, except in so far as the facts, when applied to the law as charged by his honor, showed the defendant was entitled to a verdict.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.