[Sac. No. 470.   Department Two.—December 19, 1898.]

## GEORGE T. HAWLEY, Assignee, etc., Appellant, v. CATHERINA KOCHER, Respondent.

PLEADING—ORDER STRIKING OUT—BILL OF EXCEPTIONS—APPEAL.—An order striking out parts of a pleading is not part of the judgment-roll, and can be reviewed upon appeal only upon a bill of exceptions. The fact that such order is deemed in law to be excepted to, under section 647 of the Code of Civil Procedure, cannot dispense with the necessity of incorporating the order in a bill of exceptions.

ID.—INSUFFICIENT RECITAL IN JUDGMENT—PRESUMPTION.—A recital in the judgment that an order was duly given and made granting defendant's motion to strike out certain portions of the amended complaint of the plaintiff, without stating any grounds of the motion, or what parts were stricken out, is insufficient to show an erroneous ruling; and, in the absence of such showing, the ruling must be presumed to have been correct.

CLAIM AND DELIVERY—DESCRIPTION OF PROPERTY—CERTAINTY.—In an action of claim and delivery, to recover personal property, the complaint must describe the property with a reasonable degree of certainty to enable the defendant to make return thereof.

ID.—ACTION BY ASSIGNEE OF INSOLVENT DEBTOR—UNCERTAIN DESCRIPTION.—In an action by an assignee of an insolvent debtor to recover personal property transferred by the insolvent long before suit brought, a general description of the property as being "the greater part or portion" of a stock of merchandise in the store of such insolvent, followed by statements in gross of the value of numerous articles sold by him, without stating the quality, quantity, value, or price given to any particular kind of property named, and without averring where the property was at the time of the commencement of the suit, is bad for uncertainty, and is not sufficient to support the complaint as against a demurrer on that ground.

APPEAL from a judgment of the Superior Court of Mariposa County and from an order denying a new trial. John M. Corcoran, Judge.

The facts are stated in the opinion of the court.

Jos. Kirk, J. W. Knox, and J. J. Trabucco, for Appellant.

F. H. Farrar, and G. G. Goucher, for Respondent.

McFARLAND, J.—This action is brought by the plaintiff, as assignee in insolvency of Jacob Kocher, against the defendant, to recover personal property, or "three thousand five hundred and ninety-seven dollars and nineteen cents," the value thereof, in case delivery cannot be had, together with five hundred dollars, damages for the detention thereof, and for costs of suit. The action is what is usually called, under our system, "claim and delivery of personal property." Judgment was rendered for the defendant, and the plaintiff appeals upon the judgment-roll alone, without any bill of exceptions. The transcript commences with an "amended complaint."

The respondent filed a demurrer to the amended complaint. The demurrer was general and also special. The special grounds were that the complaint was uncertain, also that it was ambiguous, and also that it was unintelligible. The real ground of the demurrer was that the complaint did not contain any sufficient

description of the property sought to be recovered. The court sustained the demurrer; and the appellant not having filed another amended complaint within the time allowed, judgment was rendered against him, and from this judgment he appeals.

Appellant contends that the court below erred in striking out a portion of the amended complaint, but that contention cannot be considered on this appeal; it could be reviewed only upon a bill of exceptions. An order striking out part of the pleadings is not part of the judgment-roll. (Code Civ. Proc., sec. 670.) This has frequently been determined by this court. In *Feely v. Shirley*, 43 Cal. 369, the court said: "The ruling of the court in striking out a portion of the answer cannot be reviewed upon this appeal, since it forms no part of the judgment-roll." (Citing cases.) In *Morris v. Angle*, 42 Cal. 240, the court says: "The notices of motions to strike out and to dismiss, and the order of the courts upon such motions, . . . . do not legitimately constitute a portion of the record in this case on appeal. They are not embodied in any statements or bill of exceptions, and constitute no part of the judgment-roll in this case, hence cannot be regarded on this appeal." In *Ganceart v. Henry*, 98 Cal. 281, the appellant sought to have reviewed an order of the court below refusing to strike out an amended answer, and the court said: "No bill of exceptions was prepared embodying the action of the court in the premises, without which the notice, motion to strike out, and order of the court refusing such motion, did not become a part of the judgment-roll under section 670 of the Code of Civil Procedure." It is true that there was the further objection in that case that there was no exception to the refusal of the court to strike out, and an order refusing to strike out is not one of the orders which are deemed to have been excepted to by section 647 of the Code of Civil Procedure, but it was held, that, in any event, the point could be raised only upon a bill of exceptions. In *Barber v. Mulford*, 117 Cal. 356, the court says: "There is printed in the transcript a notice of motion to strike out part of the complaint, also an order of the court refusing the same, and error is assigned thereon. These proceedings are not part of the judgment-roll, and are not embodied in any bill of exceptions; this court cannot, therefore, take any notice of them." In *Nevada etc. Canal Co. v. Kidd*, 43 Cal. 180,

the court says: "Upon motion of the defendants, an order was entered striking out a portion of the complaint. The appeal is taken from the judgment, and from an order sustaining a demurrer to the complaint. That an order striking out a portion of a pleading may be reviewed here upon appeal from the judgment is true; but it is no less true that such an order, being in itself no part of the judgment-roll (Code Civ. Proc., sec. 203), cannot be so reviewed except it be supported by a statement on appeal; and here there is none." (See, also, *Wilson v. Wilson,* 64 Cal. 92; 1 Freeman on Judgments, par. 79.)

Counsel for appellant seems to attach some importance to the fact that section 647 of the Code of Civil Procedure, provides that an order "striking out a pleading or a portion thereof" is deemed to have been excepted to; but an order which is not made a part of the judgment-roll, no matter how an exception to it may be taken, must be presented by a bill of exceptions. In *Nash v. Harris,* 57 Cal. 242, the court say: "A party who has excepted to a decision of a court, whether he except in person at the time the decision was made, or is deemed in law to have excepted, must in statutory or reasonable time after his exception avail himself of the right to reduce the same to writing and take the steps required by law to have the bill of exceptions settled and signed by the judge." In the transcript there is printed what is called an "order sustaining demurrer," in which it is said as follows: "Motion to strike out the amended complaint lines from 10 to 28 on page 4, and lines from 1 to 8 on page 5, allowed, and said lines are hereby stricken from the amended complaint"; but this matter printed in the transcript is of no consequence, because the ruling of the court upon the motion to strike out is no part of the record unless made so by bill of exceptions.

Appellant contends that a bill of exceptions was not necessary because the judgment contains a recital that a motion to strike out parts of the complaint was made and granted. The recital is merely of the bare facts that at the time of the filing of the demurrer to the amended complaint the defendant "filed and served her motion to strike out certain portions of said amended complaint," and that, after hearing argument, et cetera, "an order was duly given and made granting said defendant's motion to strike out certain portions of plaintiff's complaint." No other

facts are stated; the grounds of the motion are not given; nor is there even any designation of the parts of the complaint which were stricken out. Appellant relies in support of this contention upon two cases—*Abbott v. Douglass*, 28 Cal. 296, and *Derby v. Jackman*, 89 Cal. 1. In the former case, the facts were very peculiar, and the decision was made by a bare majority of the court, two of the justices strongly dissenting. There the judgment recited that after witnesses were sworn and examined, and the case was being tried upon its merits, the court struck out the answer; and the majority of the court proceeded upon the theory that it was impossible to imagine any just theory upon which the order could be sustained. The court say: "Now, upon what ground, if any, could the order have properly been made during the progress of the trial? If there be any, lying within the scope of legal conjecture, the order must be considered as having been properly made." In the dissenting opinion of Sawyer, justice, concurred in by Sanderson, chief justice, it was held that there should have been a bill of exceptions or statement, showing the facts upon which the order was made, and it is said: "There is nothing in the record which shows the grounds upon which the order was based, and we cannot tell whether it was properly made or not," and suggestions are made of facts which may have existed which would have warranted the order made. But, assuming that case to have been correctly decided, still the decision went upon the theory that the recitals in the judgment affirmatively showed error, and that it was not "within the scope of legal conjecture" to imagine that the ruling was not erroneous. That cannot certainly be said of the ruling in question in the case at bar. In *Derby v. Jackman, supra,* the order sought to be reviewed was an order granting plaintiff's motion for judgment on the pleadings; and it was contended that it could not be reviewed because there was no bill of exceptions. The court held that the ruling of the court could be reviewed without the bill of exceptions because the recitals of the judgment set forth everything which a bill of exceptions could have shown. The court say: "As a matter of fact, the judgment includes all that the bill of exceptions could show—all that is necessary for a review of this action of the court. The motion, and the grounds of it, are specifically recited, and the ruling upon

it and the entry of judgment as a consequence." The facts in that case, therefore, were materially different from those in the case at bar. Here nothing appears except the naked fact that a ruling striking out some portions of the complaint not named was made. There is nothing to show that the ruling of the court was erroneous, and in the absence of such showing it must be presumed to have been correct. It appears also from the recitals in the judgment that a demurrer to the original complaint was sustained and leave given to amend; but it does not appear upon what ground the demurrer to the original complaint was sustained, or upon what conditions leave to amend was granted. In *Dimick v. Campbell*, 31 Cal. 238, the court says: "Looking to the judgment-roll alone it cannot be determined upon what ground the district court struck out the defendant's answer. We cannot presume error, and the record does not show that the court erred in striking out the answer. The judgment, therefore, cannot be reversed on this ground." Assuming, therefore, for the purposes of this case, that recitals in a judgment not necessary to the validity of the judgment itself can be considered as statements of matters necessary to the review of intermediate orders which as a general rule should be in a bill of exceptions, still such recitals must certainly show affirmatively that the order sought to be reviewed was erroneous; and such not being the case here, the ruling of the court striking out portions of the complaint must be held to have been correct.

2. The demurrer to the complaint was properly sustained upon the ground that there was not a sufficient description of the property sought to be recovered. In any kind of a suit involving personal property it should be described with a reasonable degree of certainty; and this rule is especially applicable to an action of claim and delivery, because the property is to be specifically returned to the plaintiff on the execution, if return can be made, and the defendant in such action has the right to make such return in the event of a judgment against him. The complaint avers that on or about the twenty-ninth day of August, 1896, the insolvent transferred "a large portion" of his property to the defendant; that he was then the owner and in the possession of the following described personal property, towit: "A stock of merchandise, consisting principally of hardware, situated and be-

ing in the store premises of said Jacob Kocher, at said Merced, Merced county, California, "and that he then and there transferred and conveyed to the defendant" the greater part or portion of the aforesaid merchandise, towit: the following articles of the following value." Then follows a list of articles, nearly each item of which contains items of property of different kinds, with an aggregate value attached, as for instance: "Paints, oils, brushes and glass, $625.38"; "pumps, pipe, and plow implements, $322.55"; "tools, shelfware, bucksaws, etc., $105.21"; "milkpans, saws, and belting, $122.80"; "belting, steel bits, etc., $108.95." One of the items is "sundries," and the balance on the list is of a similar character. There is no quality, quantity, value, or price given to any particular kind of property named. The action was commenced, apparently, long after the time of the alleged transfer from the insolvent to the defendant; and there is no averment as to where the property was at the time of the commencement of the suit; so that it cannot even be claimed that a lump description of personal property situated in a certain building, or at a certain place, if such a description could be held to be good, applies here. The description here is certainly not as good as that held bad in the following cases: *Welch v. Smith*, 45 Cal. 230; *Kelly v. Murphy*, 70 Cal. 560; *Cooke v. Aguirre*, 86 Cal. 479. See, also, *Pierce v. Langdon*, 2 Idaho, 878; *Smith v. McCoole* (Kan. App. 1897), 46 Pac. Rep. 988; *Stevens v. Osman*, 1 Mich. 92, 48 Am. Dec. 696; *Lockhart v. Little*, 9 S. E. Rep. 511.

The judgment appealed from is affirmed.

Henshaw, J., and Temple, J., concurred.