## INDIANA UNION TRACTION COMPANY *v.* BICK.

[No. 5,879. Filed June 4, 1907. Rehearing denied October 30, 1907.]

1. PLEADING.—*Complaint.—Replevin.—Description.* — A complaint in replevin describing the property sought to be replevied as "a certain car plant, which is in the possession of said defendant corporation near Bunker Hill in said county," sufficiently identifies the property in dispute. p. 453.

2. EVIDENCE.—*Value of Property not Involved in Action.—Harmless Error.—Replevin.*—It is harmless error, in an action in replevin, to admit evidence of the value of an article, not involved in the action, where the verdict did not include damages for any property except that which was wrongfully taken and not returned. p. 455.

3. REPLEVIN.—*Value of Property.—Verdict.*—Where the property, in an action in replevin, has been delivered to the plaintiff before verdict, such verdict, if in plaintiff's favor, need not state the value of such property, though the code (§558 Burns 1901, §549 R. S. 1881) provides that the jury shall assess the value of the property together with the damages for the taking and detention. p. 455.

4.  EVIDENCE.—"*Car Plant.*"—*Definition.*—In an action to replevy a "car plant," evidence is admissble to show of what it consists. p. 455.

5.  TRIAL.—*Instructions.*— "*Car Plant.*" — *Meaning.* — *Invasion of Province of Jury.*—An instruction, in an action to replevy a "car plant," that a " 'car plant' has a technical meaning * * * and is susceptible of detailed description" not only as to its use but as to its parts, is not improper as an invasion of the province of the jury.  p. 455.

6.  REPLEVIN.—*Delivery Bond.*—*Possession.*—*Estoppel.*—A defendant, in a replevin action, who executes a delivery bond for the retention of the possession of the property in dispute, is conclusively estopped to deny that such property was in its possession at the time of its seizure, under the writ, by the sheriff.  p. 456.

7.  TRIAL.—*Instructions.*—*Replevin.*—*Possession.*—*Demand.*— *Questions for Jury.*—An instruction, in an action in replevin, that if the plaintiff was the owner and entitled to the possession of the property in dispute, at the time of the commencement of the action, then defendant's detention was wrongful, unless defendant obtained the property lawfully and no demand was made for its return before the action was begun, and the verdict should be for plaintiff, is correct.  p. 456.

From Miami Circuit Court; *Joseph N. Tillett,* Judge.

Action by Jacob N. Bick against the Indiana Union Traction Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*James A. Van Osdol, Louis B. Ewbank* and *Loveland & Loveland,* for appellant.

*Sayre & Hunter, Mowbray & Armitage,* and *T. W. King,* for appellee.

MYERS, J.—This was an action in replevin by appellee against appellant. In the first paragraph of the complaint the property is described as "a certain car plant, which is in the possession of said defendant corporation near Bunker Hill, in said county;" and in the second paragraph the property is described as "a certain car plant, which said defendant, on January 1, 1904, unlawfully took and has ever since unlawfully detained in its possession near Bunker Hill in said county and State."

It is first argued that the complaint was insufficient for lack of such a description of the property as would guide the sheriff in serving the writ of replevin, enable the parties to prepare for trial, assist the court in the admission of evidence, and aid the jury in deciding the issues. So far as the description of the property is concerned, the two paragraphs are substantially alike. The property is designated as "a car plant" then in the possession of the defendant and near Bunker Hill, in the county where the suit was brought. The court may not judicially know just what "a car plant" is, but the name would suggest that such property could, without very great difficulty, be found by an officer, where its location is given approximately, as in this case. It is true the exact location is not given, but it is said to be near a town or village, the location of which being in that county we may assume was known to the officer. Counsel for appellant have cited a number of cases in which descriptions have been held insufficient, but an examination of these cases will disclose that a description in very general terms may be sufficient, where the location of the property is given.

In *Lockhart* v. *Little* (1888), 30 S. C. 326, 9 S. E. 511, the description, "one lot of seed cotton, about six thousand pounds, twelve shocks of fodder, one load of corn, about fifteen bushels, of the total value of $250," was held insufficient; but in the opinion the court said: "There is not even a description as to location, which possibly might have afforded the means of identification if it had been stated." In *Hawley* v. *Kocher* (1898), 123 Cal. 77, 55 Pac. 696, a description of the property was held insufficient, and among the reasons given, and appearing to be important, is the fact that "there is no averment as to where the property was at the time of the commencement of the suit." In *Pierce* v. *Langdon* (1891), 2 Idaho 878, 28 Pac. 401, the description held bad was "590 sacks of wheat," but in that case nothing whatever was averred as to the location of the wheat. In *Stevens*

v. *Osman* (1848), 1 Mich. *92, 48 Am. Dec. 696, the description of the property was "a quantity of corn, consisting of about two hundred bushels, and a quantity of rye, consisting of about one hundred bushels." It was averred that the corn and rye were "wrongfully detained in the township of Waterford, in the county of Oakland." Had the particular place in the township been given, the court intimates the description would have been good. In *Wright* v. *Shelt* (1898), 19 Ind. App. 1, the property described in the complaint was "one cow, red in color, with brindle stripes and partly white tail, dehorned, and about three years old." The action was brought against a constable, who, by virtue of an execution, had levied on the cow, and, being in doubt as to whether appellee had some interest in the property, gave notice under §§1613, 1614 Burns 1901, §§1545, 1546 R. S. 1881, but in this notice described the property as "one brindle heifer, supposed to be four years old." It was held that under the provisions of the statute, this description was not sufficient to protect the officer. See, also, *Hoke* v. *Applegate* (1884), 92 Ind. 570; *Malone* v. *Stickney* (1883), 88 Ind. 594; *Smith* v. *Standford* (1878), 62 Ind. 392. In *James* v. *Fowler* (1883), 90 Ind. 563, the court said: "We are of the opinion that mere uncertainty in the description of property sought to be recovered would afford no sufficient ground for sustaining a demurrer to the complaint, and no ground whatever for sustaining a motion in arrest of judgment." While the above statement, so far as it relates to the demurrer, was not necessary to a decision of the question then before the court, the dictum has been followed by this court in *Wood* v. *Darnell* (1891), 1 Ind. App. 215. However, aside from this, when the nature of the property to be taken is considered in connection with the approximate location given, we think the pleading sufficient to withstand the demurrer.

Complaint is made of the admission of testimony of a certain witness as to the value of certain property that seems

to have been among the items of property taken that was not turned back; but we fail to see in what way appellant was harmed by the admission of this evidence. By the complaint it was sought only to recover the possession of the property and damages for its detention, and by the verdict the jury found generally that the plaintiff was the owner and entitled to the possession of the property described in the complaint at the commencement of the suit, stating its value, and assessing a certain sum as damages for its detention. The judgment was that the plaintiff was the owner of the property and that he recover $1,900 as damages for the wrongful detention thereof. After the suit was commenced and the delivery bond filed by appellant, and before trial appellant surrendered the property in dispute to appellee. There was no judgment for any property taken and not returned. As the property at the time the verdict was returned was in the possession of appellee, the verdict need not have stated the value of the property. The code provides that the jury must assess the value of the property, as also the damages for the taking and detention. §558 Burns 1901, §549 R. S. 1881, and see *Van Gundy* v. *Carrigan* (1892), 4 Ind. App. 333; *Busching* v. *Sunman* (1898), 19 Ind. App. 683. There was no error in admitting evidence as to what the car plant was composed of, nor in the instruction given to the jury that "a car plant as described in the complaint has a technical meaning within the parlance of railroad builders and other like contractors, and is susceptible of detailed description not only of the use to which it may be put, but also the parts and items constituting the same." The instruction did not invade the province of the jury. The instruction clearly leaves with the jury the question as to what a car plant is. It was necessary to show the value of the car plant, and while this might have been done by showing its value as a whole, there could be no harmful error to appellant in showing of what it consisted and the value of its

component parts. As, we have already said, the judgment was not rendered for any property taken and not returned, but was simply that appellee was the owner of the property and should recover a named sum for its detention. Even if evidence was improperly admitted as to the value of certain property which it was claimed was taken and not returned, no harm resulted to appellant, because no judgment was rendered for any property taken and not returned.

Appellant had the right to give a bond and retain possession of the property. Having taken advantage of this right, it cannot afterwards be heard to deny that it had possession of the property when the sheriff seized it under the writ. From this it follows that no error was committed by the court in telling the jury that the giving of the bond was conclusive evidence that the property when seized under the writ was in appellant's possession. The right to the possession of the property could be inquired into, and was, but the giving of the bond settled the question as to who was in actual possession of the property at the time the suit was brought. There was a conflict in the evidence as to who was entitled to the possession of the property at the beginning of the suit, but the instructions left the question with the jury, and they determined it in appellee's favor. The jury were correctly told that if they should believe from the evidence, measured by the rules the court had suggested, that at the commencement of the action appellee was the owner of the property, and that he was entitled to possession at the time, then the withholding and detention thereof was wrongful, and their finding should be for appellee, unless they should further believe from the evidence that appellant came by the property rightfully and lawfully, and that no demand or request for its return was made upon it by appellee before commencing the suit. The instructions correctly presented the law of the case, and we fail to find anything in them prejudicial to appellant's rights.

Judgment affirmed.