[Civ. No. 1633.   First Appellate District.—August 20, 1915.]

## MARY CAVANAUGH, Respondent, v. W. H. CARPENTER, Appellant.

ACTION ON BUILDING CONTRACT—PARTIES—APPEAL—INSUFFICIENT RECORD.—In an action by an assignee of the contractors upon a building contract to recover a balance alleged to be due, an order of the trial court denying a motion for an order bringing into the action certain materialmen and laborers who served upon the defendant the notice provided in section 1184 of the Code of Civil Procedure to the effect that they had performed labor and furnished material to said contractors during the course of construction of the building, cannot be reviewed on appeal where the record does not show that the defendant took exception to the order, or prepared any bill of exceptions showing what papers or other evidence were used by the trial court on the hearing of the motion, and there is no proper certification of them as being the papers and evidence so used, as required by rule XXIX of the appellate court.

ID.—EVIDENCE—FINDINGS.—In such a case the contention that the court erred in the receipt of evidence and in its finding that the building was constructed and completed in accordance with the plans and specifications, cannot be sustained, where no issue was raised by the pleadings as to the sufficiency and proper execution by the parties of the plans and specifications, but the case was apparently tried upon the theory that this was the fact.

ID.—RIGHT TO WITHHOLD MONEY—FAILURE TO FIND UPON—WHEN NOT ERROR.—There was no error in the court's failure to find the amount of claims which the answer alleged were due by the plaintiff's assignors to the materialmen and laborers, or in refusing to permit appellant to withhold the same, where the record fails to show that there was any money due to any of said materialmen or laborers at the time the case was tried; and in view of the record it must be assumed that no proof was offered on this issue and no findings were required.

APPEAL from a judgment of the Superior Court of Fresno County and from an order denying a new trial. George E. Church, Judge.

The facts are stated in the opinion of the court.

R. M. Reid, C. W. Tackaberry, and M. G. Gallagher, for Appellant.

W. D. Crichton, and C. K. Bonestell, for Respondent.

RICHARDS, J.—This is an appeal from a judgment and order denying a new trial in favor of the plaintiff in an action brought to recover a balance alleged to be due upon a building contract.

The plaintiff sued as the assignee of the contractors. The defendant in his answer alleged that during the progress of the work certain materialmen and laborers served upon him the notice provided for in section 1184 of the Code of Civil Procedure, to the effect that they had performed labor and furnished material to said contractors during the course of construction of the building. He thereupon moved the court for an order bringing these parties into the case. The court denied said motion, and it is of this order that the appellant first complains. It is apparent, however, that this court has no sufficient record before it upon which to review this order, since the defendant appears to have taken no exception

thereto, nor to have prepared any bill of exceptions showing what papers or other evidence were used by the trial court upon the hearing of the motion, and properly certified to by the judge thereof as being the papers and evidence so used, as required by rule XXIX of this court, [160 Cal. lvi, 119 Pac. xiv]. (*Hawley* v. *Kocher,* 123 Cal. 77, [55 Pac. 696].)

The appellant's next contention is that the court erred in the receipt of evidence and in its finding that the building was constructed and completed in accordance with the plans and specifications. But this contention is not borne out by the record, for not only is there no issue raised by the pleadings as to the sufficiency and proper execution by the parties of the plans and specifications, but the case was apparently tried upon the theory that this was the fact. This being so, it is now too late for the appellant to urge that the trial court erred in its finding in that regard.

The third and final contention of the appellant is that, having set forth in his answer that certain materialmen and laborers had served upon him the notices required by section 1184 of the Code of Civil Procedure, as above set forth, he was entitled to withhold the amount of money which said notices called for to meet said claims, and that the court erred in failing to find that the amount of these claims was due by the plaintiff's assignors to said materialmen and laborers, and also erred in not permitting the appellant to withhold the same. The difficulty with this contention is that the record before us fails to show that there was any money due to any of these materialmen and laborers at the time the case was tried. In the absence of any showing in the record that such evidence was presented at the trial, this court must assume, in support of the findings and judgment of the trial court, that no such proof was proffered, and hence that no finding was required, and that the refusal of the court to permit the appellant to withhold said money for the payment of such claims was proper.

No error appearing in the record, the judgment and order denying defendant's motion for a new trial are affirmed.

Lennon, P. J., and Kerrigan, J., concurred.