### 10920

### TURNER v. WATKINS

#### (112 S. E. 925)

LOGS AND LOGGING—REPLEVIN NOT PROPER REMEDY TO RECOVER TIMBER NOT IN EXISTENCE.—Where plaintiff conveyed land to defendant and in the contract of sale reserved enough timber to build a four-room house, and only part of the timber was furnished, his remedy was an action for breach of contract, and not for the recovery of personal property; it not being claimed that the timber sued for was in existence.

Before SEASE, J., Oconee, 1921. Reversed.

Action in Magistrate's Court by W. N. Turner against Grover C. Watkins. Judgment for plaintiff, which was sustained by the Circuit Court. Defendant appeals.

*Mr. E. L. Herndon,* for appellant, cites: *Growing trees are real and not personal estate*: 12 Rich. L. 14, 80 S. C. 109, 84 S. C. 184. *Magistrate without jurisdiction*: Const. 1895, Art. 5, Sec. 21. *Claim and delivery is to determine right to personal property*: 30 S. C. 327, 103 S. E. 590, 50 L. R. A. (N. S.) 126, 72 S. C. 458, 46 S. C. 132.

*Mr. W. N. Turner* for respondent.

July 5, 1922.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action of claim and delivery of personal property, in Magistrate's Court. The property sought to be recovered was certain pieces of timber, particularly described as to dimensions in the affidavit, but not otherwise, valued at $99.

It appears that in July, 1920, the plaintiff sold and conveyed to the defendant a certain tract of land, the contract of which contained this clause:

"I [the plaintiff] am to have enough timber off the land to build a four-room house with a hall like the house on Mr. Barnett's place where Brown lived."

The plaintiff got some timber off the place, but not enough, as he claimed, to build the house contemplated in the contract. The specific pieces for which the action was brought simply represented what he needed to complete the house, as all the timber on the place had been cut. It was not claimed by plaintiff that the pieces of timber sued for were in existence.

The Magistrate gave judgment for the plaintiff. Defendant appealed to the Circuit Court. The Circuit Judge affirmed the judgment below. The defendant has appealed to this Court.

The plaintiff's remedy was an action for breach of contract, and not for the recovery of personal property. *Knotts*

*v. Hydrick,* 12 Rich. 314; *Wilson v. Alderman,* 80 S. C. 106, 61 S. E. 217, 128 Am. St. Rep. 865; *Alexander v. Herndon,* 84 S. C. 181, 65 S. E. 1048; *Lockhart v. Little,* 30 S. C. 326, 9 S. E. 511; *Moore v. Sanders,* 114 S. C. 350, 103 S. E. 589, 24 A. & E. Enc. L. 1149; *Stewart v. Henningsen Produce Co.,* 88 Kan. 521, 129 Pac. 181, 50 L. R. A. (N. S.) 123, Ann. Cas. 1914B, 701; *Gregg v. Bank,* 72 S. C. 458, 52 S. E. 195, 110 Am. St. Rep. 633; *Leonard v. Brockman,* 46 S. C. 128, 24 S. E. 96.

The judgment of this Court is that the judgment below be reversed, and the complaint dismissed.