[No. 5931.]

## L. C. KELLEY v. WM. McKIBBEN.

UNCERTAIN JUDGMENT.—Where a judgment refers to the findings for certain data, and the findings do not contain the data, but refer again to the pleadings, which are also uncertain, the judgment will be reversed for uncertainty.

APPEAL from the District Court of the Fourth Judicial District, San Francisco.

The action was replevin for household furniture. An amended complaint was filed, containing a list of the articles sued for. The findings recite that, on the 22nd of November, 1875, the plaintiff was the owner of the articles mentioned in the complaint, "except the following articles therein enumerated, to wit:" (naming them).

Judgment was rendered for the plaintiff, and the defendant appealed therefrom and from an order denying defendant's motion to retax the costs.

*Mogan & Sullivan*, for Appellant.

*Daniel T. Sullivan*, for Respondent.

By the COURT:

The judgment recites that the case having been submitted for decision, the Court delivers its findings and decision in writing, which is filed, and orders that judgment be entered in accordance therewith.   It then proceeds as follows: "Wherefore, by reason

of the law and the finding aforesaid, it is ordered, adjudged, and decreed that Luke C. Kelley, plaintiff, do have and recover from William McKibben, defendant, judgment for the return of said property *mentioned therein*, or if such return cannot be had, then for damages," etc.

The most favorable view for the plaintiff is that the property "mentioned therein" is the property mentioned in the findings, mentioned in the recitals by which the judgment is preceded. Upon reference to the findings, however, it appears that no property.is actually mentioned there except certain property of which the plaintiff is found *not to be the owner.* The property which is found to belong to plaintiff is not mentioned at all in the finding, but is stated therein to be the property " *mentioned in the complaint.*" Upon looking into the *complaint*, no intelligible description of the property is found there.

It may be proven that the reference to the *complaint* is mistaken, and that the *amended complaint* is really intended. But this will be found not to relieve the difficulty, for though the amended complaint contains an enumeration of the articles of personal property sued for, it is manifest, from the findings already referred to, that several of them are found not to be the property of the plaintiff, and yet the excepted articles cannot be selected with any degree of certainty from the list enumerated in the amended complaint.

In short, the judgment is uncertain in itself, and the reference by which it is attempted to be supported does not make it certain.

The conclusion to which we have arrived upon this point renders the decision of the question upon the taxation of costs below, unnecessary.

Judgment reversed and cause remanded.

Neither Mr. Justice McKINSTRY nor Mr. Justice RHODES expressed an opinion.