[No. 13867.   Department One. — November 27, 1890.]

JAMES A. COOKE, RESPONDENT, v. MARTIN G.
AGUIRRE, APPELLANT.

REPLEVIN — FINDINGS — OMISSION OF MATERIAL ISSUES — JUDGMENT — AP-
PEAL. — In an action for the recovery of personal property, where the
complaint alleged the plaintiff's ownership and right to immediate pos-
session of the property, giving its value, and its wrongful taking and
detention by the defendant, to his damage in a certain sum, and the de-
fendant answered, denying all the allegations of the complaint except the
value, if no findings are made upon the issues as to whether the plaintiff
was entitled to the possession of the property or whether he was dam-
aged by the taking, a judgment for the return of the property will be
reversed upon appeal.

ID. — NECESSITY OF ALTERNATIVE JUDGMENT. — In such an action, the
judgment should be in the alternative, for the return of the property
or its value; a judgment merely for the return is erroneous.

ID. — DESCRIPTION IN JUDGMENT — UNCERTAINTY. — A judgment for the
possession of personal property which merely describes it as "two
stallion horses," and does not refer to any pleading or other paper for
further description, is bad for uncertainty, and will be reversed.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*H. H. Appel, Willis & Appel,* and *Gage & Robarts,* for
Appellant.

The question whether the taking was wrongful is a
conclusion of law. A conclusion of law cannot be re-
garded as a finding of fact. (*Paulson* v. *Nunan,* 64 Cal.
290.) It is the duty of court to find upon every mate-
rial issue. (*Kennedy* v. *Berry,* 52 Cal. 87; *Watson* v. *Cor-
nell,* 52 Cal. 91; *Le Clert* v. *Oullahan,* 52 Cal. 252; *Swift*
v. *Canavan,* 52 Cal. 417; *Glascock* v. *Ashman,* 52 Cal.
420.) When findings are not waived, failure to find
upon a material issue is fatal to judgment. (*Laughlin*
v. *Wright,* 63 Cal. 113; *Cassidy* v. *Cassidy,* 63 Cal. 352;
*S. P. R. R. Co.* v. *Crampton,* 63 Cal. 537; *Roeding* v. *Per-
asso,* 62 Cal. 515.) The judgment, if valid, is only con-

clusive of the question as to whether the plaintiff is the owner of the property, or Cyrus F. Cooke, the attached debtor, under whom the sheriff justifies; but it is not conclusive upon the question of damages. This issue is raised by the pleadings, and the court should have found thereon. (*Nickerson* v. *Cal. Stage Co.*, 10 Cal. 521; *Thompson* v. *Corpstein*, 52 Cal. 653.) The issue as to whether plaintiff was entitled to the possession of the property is material, as defendant would be entitled to costs if entitled to possession under the writ of attachment. (*O'Connor* v. *Blake*, 29 Cal. 316; *Wildman* v. *Radenaker*, 20 Cal. 616; *Cunningham* v. *Skinner*, 65 Cal. 385.) The judgment does not describe the property with sufficient certainty, so that the judgment could be properly enforced by execution. (*Welch* v. *Smith*, 45 Cal. 230; *Root* v. *Woodruff*, 6 Hill, 418; *Relyea* v. *Drew*, 1 Denio, 561; *Wilbur* v. *Brown*, 3 Denio, 356; *Walker* v. *Moseley*, 5 Denio, 102; *Kelley* v. *McKibben*, 53 Cal. 13.) The judgment does not conform to the requirements of section 667 of the Code of Civil Procedure, for the reason that it is not in the alternative. (*Kelly* v. *McKibben*, 54 Cal. 193.) The judgment should provide for the return of the property; or in case a delivery cannot be had, then for its value (stating it). (*Nickerson* v. *Chatterton*, 7 Cal. 568; *Nickerson* v. *Cal. Stage Co.*, 10 Cal. 520; *Clary* v. *Rolland*, 24 Cal. 148; *Campbell* v. *Jones*, 38 Cal. 508; *McCue* v. *Tunstead*, 66 Cal. 486; *Brichman* v. *Ross*, 67 Cal. 601; *Stewart* v. *Taylor*, 68 Cal. 5.)

*William Young*, and *H. C. Carr*, for Respondent.

The findings must be of ultimate facts or of such probative facts as that the court is enabled to say that the ultimate facts necessarily result therefrom. (*Coglan* v. *Beard*, 65 Cal. 62; *Coveny* v. *Hale*, 49 Cal. 552.) Had the court found upon the question of damages, it must have been against the defendant for nominal damages at least, and when such is the case, it is no ground for reversal.

(*Hutchings* v. *Castle*, 48 Cal. 156; *Dougherty* v. *Miller*, 38
Cal. 550.) Even had the findings-shown the plaintiff to
be entitled to nominal damages only, and the judgment
been for the defendant, that would not be cause for re-
versal of the judgment on appeal. (*McAllister* v. *Clem-
ent*, 75 Cal. 182; *McCourtney* v. *Fortune*, 57 Cal. 617; *John-
son* v. *Perry*, 53 Cal. 354.) The point raised that the
judgment should have been in the alternative form is
raised for the first time in this court, and ought not to
be considered. (*Crosett* v. *Whelan*, 44 Cal. 203; *Bruma-
gim* v. *Bradshaw*, 39 Cal. 33.) There is authority for the
claim that a judgment in the alternative is the proper
form in actions of this kind, but where the defendant
could not be prejudiced by the omission to make it so,
and where it appears that the judgment is right as doing
justice between the parties, the judgment ought not to
be reversed and a new trial granted. (*Waldman* v. *Broder*,
10 Cal. 380.) The failure to find in the alternative was at
most only a technical error; and it has been held that it is
not in itself sufficient ground to justify a reversal of the
judgment. (*Brown* v. *Johnson*, 45 Cal. 76; *De Thomas* v.
*Wetherby*, 61 Cal. 97.) This court will not reverse a judg-
ment for an error which cannot injure the appellant.
(*Dougherty* v. *Miller*, 38 Cal. 550; *Garwood* v. *Wood*, 34
Cal. 248; *Larco* v. *Casaneuava*, 30 Cal. 561; *Hoag* v. *Pierce*,
28 Cal. 188; *Tyler* v. *Green*, 28 Cal. 407; 87 Am. Dec. 130.)

WORKS, J. — This is an appeal on the judgment roll
from a judgment for the recovery of personal property.
The plaintiff alleged that he was the owner and entitled
to the immediate possession of the property, giving its
value, and that the defendant had wrongfully, and with-
out the plaintiff's consent, taken and retained possession
thereof, and detained the same from him; that he had
demanded possession of the property, which was refused;
and that he had been damaged in the sum of one hun-
dred dollars. The defendant answered, denying the

ownership of the plaintiff, or his right to possession, or
that he had wrongfully taken or wrongfully detained the
property, or that the plaintiff had been damaged; and
alleging, also, that the property was owned by one Cyrus
F. Cooke. He also justified, as sheriff, by alleging that
said Cooke was the owner of the property, and that he
had taken possession of the same by virtue of a writ of
attachment, regularly issued against Cooke, and placed in
his hands for service as such sheriff.

The answer did not put in issue the value of the prop-
erty, as alleged in the complaint. The court found that
the plaintiff was the owner and in possession of the
property, and that the defendant, in his official capacity
as sheriff, by virtue of a writ of attachment issued against
said Cyrus F. Cooke, wrongfully took possession of the
property, and still held the same. There was no finding
that the plaintiff was entitled to the possession of the
property, or its value, or the amount of plaintiff's dam-
ages. The property was sufficiently described in the
complaint. The court rendered the following judgment:
" Wherefore, by reason of the law and the findings afore-
said, it is ordered, adjudged, and decreed that James A.
Cooke, the plaintiff, do have and receive of A. G. Aguirre
(sheriff), the defendant, judgment for the return of the
property, to wit, two stallion horses, together with said
sheriff's costs and disbursements incurred in this ac-
tion, amounting to the sum of sixty-two and five hun-
dredths dollars ($62.05)."

The appellant contends that the findings do not sup-
port the judgment; that the court did not find on all the
material issues; and that the judgment is invalid, be-
cause it does not sufficiently describe the property, and
is not in the alternative, as required by law.

The questions whether the plaintiff was entitled to the
possession of the property, and whether he was damaged
by the taking, were put in issue by the pleadings. Both
of these were material issues. One of them, at least,

must have been found in favor of the plaintiff, to entitle him to recover. There was no finding as to his right to the possession. For this reason, the judgment is not supported by the findings. The question of damages should have been found upon, but the appellant cannot reasonably ask for a reversal of the case because a judgment for damages was not rendered against him. The judgment was erroneous, because not in the alternative, as required by section 667 of the Code of Civil Procedure (*Berson* v. *Nunan*, 63 Cal. 550; *Stewart* v. *Taylor*, 68 Cal. 5); and for the further reason that it contained no sufficient description of the property. It contains no sufficient description of the property, nor does it refer to any other pleading or paper for such description. Such a judgment is bad for uncertainty. (*Welch* v. *Smith*, 45 Cal. 230; *Kelley* v. *McKibben*, 53 Cal. 13.)

Judgment reversed.

PATERSON, J., and FOX, J., concurred.