[Civ. No. 538.   First Appellate District.—December 23, 1908.]

HANUM GAGOSSIAN, Respondent, v. HARRY ARA-KELIAN, Appellant.

ACTION TO DETERMINE ADVERSE CLAIMS—CONSTRUCTION OF CODE—OBLI-GATION BETWEEN PARTIES—CONFLICTING CLAIMS AGAINST THIRD PARTY.—An action under section 1050 of the Code of Civil Procedure to determine an adverse claim between two parties, having no relation of suretyship, can only be brought to determine an adverse claim which defendant makes against the plaintiff upon an alleged obligation existing between them, and is not broad enough to cover conflicting claims against a third party, under an obligation or duty thereof to one of them.

ID.—INSUFFICIENT COMPLAINT—ADVERSE CLAIMS TO CERTIFICATE OF MEMBERSHIP IN CO-OPERATIVE ASSOCIATION NOT A PARTY.—A complaint in an action to determine adverse claims to a certificate of membership in a co-operative incorporation not a party, claiming title in plaintiff thereto by assignment from the original owner, and setting up an adverse claim in defendant under a subsequent execution sale against such owner, preventing plaintiff from the issuance of a new certificate of membership therein, states no cause of action, and it was error not to sustain a demurrer thereto.

ID.—BILL QUIA TIMET NOT SHOWN.—The facts alleged in the complaint are not sufficient to sustain it as a bill *quia timet,* it not being alleged that the plaintiff apprehends danger to her property in that the instrument held by the defendant appealing may be vexatiously or injuriously used against her when the evidence to impeach it may be lost, or that it throws a cloud or suspicion over her title.

ID.—CAUSE OF ACTION AGAINST CORPORATION—ABSENCE OF RIGHT TO
    RELIEF AGAINST APPELLANT.—While the respondent may have a
    good cause of action against the corporation, neither the complaint
    nor the findings show her entitled to any relief against the appel-
    lant.

APPEAL from a judgment of the Superior Court of
Fresno County.   H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

M. F. McCormick, for Appellant.

A. M. Drew, for Respondent.

KERRIGAN, J.—A demurrer to the complaint was over-
ruled.   The case was dismissed as to all the defendants except
Harry Arakelian.   After trial the judgment went against him
in favor of the plaintiff.   This appeal is from the judgment
on the judgment-roll.

Plaintiff alleges, and the court found, that on June 26,
1905, S. A. Gagossian was the owner of a certificate of mem-
bership No. 67 issued by the Grocers' Winery and Distillery
Association of Parlier, a corporation organized under the
co-operative incorporation laws of California; that on said
day he sold, assigned and conveyed all his right, title and
interest in said certificate of membership to the plaintiff, who
ever since has been and now is the owner thereof.

The complaint also alleges, and the court found, that on
November 20, 1905, John Arakelian recovered a judgment for
a substantial sum against S. A. Gagossian; that thereafter, an
execution having been issued and levied on this certificate No.
67, it was sold, and the sheriff executed a certificate of sale
of the interest of S. A. Gagossian to the purchaser Harry
Arakelian, and notified the corporation that the latter was
the owner and entitled to the possession of said certificate;
that by reason of these facts Harry Arakelian has prevented,
and still prevents, the issuance of a new certificate of mem-
bership by the said corporation to said plaintiff.   The prayer
of the complaint is as follows: "Wherefore plaintiff prays
for the judgment of this court determining the title to the said
certificate, and adjudging that the said certificate No. 67
. . . is the property of this plaintiff, and that the said defend-

ant Harry Arakelian has no estate, right, title or interest in or to the said certificate of membership.''

Appellant contends that this is an attempt to maintain an action to quiet title to personal property; that such an action is not authorized under the practice in this state (Code Civ. Proc., sec. 738; *Fudickar* v. *East Riverside Irr. Dist.*, 109 Cal. 29, [41 Pac. 1024]); and that therefore the demurrer to the complaint should have been sustained.

Respondent, on the other hand, contends that this is an action under the provisions of section 1050 of the Code of Civil Procedure.

We think with the appellant that the complaint does not state a cause of action. Section 1050 of the Code of Civil Procedure reads: ''An action may be brought by one person against another for the purpose of determining an adverse claim, which the latter makes against the former for money or property upon an alleged obligation; and also against two or more persons, for the purpose of compelling one to satisfy a debt due to the other, for which plaintiff is bound as surety.''

This section provides for an action in the nature of a bill *quia timet,* the object of which is to prevent a party from anticipated future probable injury to his rights or interests, as, for example, when it is sought to cancel an instrument which creates at least a *prima facie* liability against the plaintiff, or constitutes a cloud on his title to property, or where a surety is fearful of injury from neglect of his principal to pay the debt. The section quoted incorporates into the code only part of this remedy. Under its provisions, as we read it, one may maintain an action against another to determine an adverse claim upon an alleged obligation existing between them. In this case the claim is adverse, but it is not upon an obligation between the parties, but is an obligation or duty of a third party to one of them. Hence we think the section is not broad enough to cover this case. Nor do the facts alleged in this case constitute a good bill *quia timet,* in this, among other things, that the respondent does not allege that she apprehends danger to her property in that the instrument held by appellant may be vexatiously or injuriously used against her when the evidence to impeach it may be lost, or that it throws a cloud or suspicion over her title. (2 Story's Equity Jurisprudence, sec. 694.) All she complains about is that the corporation, because of the claim made against it by the appel-

lant, refused to recognize her as the legal holder of the certificate of membership No. 67. While the respondent may have a good cause of action against the corporation, the findings do not show that she is entitled to any relief against the appellant.

The judgment is reversed.

Hall, J., and Cooper, P. J., concurred.