[Civ. No. 1895.    Third Appellate District.—January 30, 1919.]

## N. E. LAMUS, as Guardian, etc., Respondent, v. HARRY ENGWICHT et al., as Executors, etc., Appellants.

CLAIM AND DELIVERY—CORPORATION STOCK—PLEADING—COMPLAINT DEFECTIVE — OMISSION TO DESCRIBE CERTIFICATE.—In an action in claim and delivery to recover possession of forty-three shares of the capital stock of a corporation, a complaint, which omits to describe or in some appropriate way identify the certificate representing the shares, is demurrable for failure to state a cause of action.

ID.—DEFECT NOT CURED BY ANSWER.—In such action the defect is not cured by the answer of a defendant admitting that it has in its possession forty-three shares of the capital stock of the corporation mentioned.

ID.—DEFECTIVE PLEADING NOT CURED BY EVIDENCE.—Nor was the defect in such complaint cured by the introduction of evidence showing that the stock referred to in the complaint was evidenced by a certificate, where the defendants objected to the introduction of any evidence on the ground of the failure of the complaint to state a cause of action.

ID.—POSSESSION IN DEFENDANT ESSENTIAL.—The action of claim and delivery is not available or appropriate against defendants, as to whom it is not charged in the complaint that they have actual or constructive possession of the property sought to be recovered.

ID.—ADVERSE CLAIM BY DEFENDANT—SUIT TO DETERMINE.—Where in an action against a bank and the executors of the will of a deceased person to recover shares of stock in the bank, claimed to have been a gift from the decedent to the ward of the plaintiffs, it was alleged in the complaint that the executors claimed some right, title, or interest in the shares which claim was entirely without right, such allegation did not state a cause of action against the executors under section 1050 of the Code of Civil Procedure authorizing an action by one person against another to determine an adverse claim by the

latter against the former for money or property upon an alleged obligation, but was, so far as the executors were concerned, more in the nature of, or appropriate to, an action to quiet title.

QUIETING TITLE—PERSONAL PROPERTY.—No action will lie in this state to quiet title to personal property.

CLAIM AND DELIVERY—PARTIES—MISJOINDER.—The executors in this action were improperly joined as parties and their demurrer on that ground should have been sustained.

ID.—MISJOINDER OF CAUSE OF ACTION.—An action to determine an adverse claim in such case was improperly joined with the cause of action in claim and delivery.

ID.—FORM OF ACTION APPROPRIATE.—Claim and delivery is an appropriate form of action against a bank to recover a certificate of stock kept in a box in a vault of the bank over which the bank has such control that it may prevent any person from removing any box or paper deposited therein.

APPEAL from a judgment of the Superior Court of Shasta County.   J. E. Barber, Judge.   Reversed.

The facts are stated in the opinion of the court.

B. K. Collier, Chenowith & Leininger  and Carr & Kennedy for Appellants.

W. D. Tillotson and Wm. A. Fish  for Respondent.

HART, J.—George Engwicht, plaintiff's minor, was adjudged to be the owner of forty-three shares of the capital stock of the State Bank of Dunsmuir and was awarded the possession thereof.

Separate notices of appeal from the judgment were filed by the executors and by the bank, but, as both appeals are presented upon the same transcript and practically the same points for reversal of the judgment are urged by all the appellants, we will consider the appeals together.

As the names of the plaintiff's minor and the deceased whose estate he is suing are the same, we will herein refer to these parties as the minor and the decedent.

The facts are undisputed and are as follows: The decedent was the uncle of the minor and was, prior to his death, which occurred on the thirty-first day of January, 1916, the owner of considerable stock of the defendant bank, of which he had been president.   The certificates representing his shares of

stock, as well as other papers and securities, were kept by him in a safe deposit box in the vaults of the defendant bank. For some years prior to and at the time of his death, decedent resided at Dunsmuir and the minor lived with his parents at Keswick, in Shasta County.

In the latter part of 1915, decedent wrote to the minor's parents, stating that he was ill and requesting that the minor, then about nineteen years of age, be permitted to go to Dunsmuir to take care of him for a few weeks. The request was granted, and the minor went to Dunsmuir on the twenty-third day of November, 1915, and from then until the decedent died the minor stayed with his uncle, "ran errands for him, attended to his little affairs, going after his mail, packing his meals to him," until December 4, 1915, at which time a Mrs. Hattie L. Moore, of Red Bluff, came to assist in the care of the decedent. She remained until the death of decedent and the minor continued to run errands for his uncle.

On the fifth day of January, 1916, decedent sent the minor to the State Bank of Dunsmuir to obtain his safety deposit box. The minor procured the box, took it to the house and delivered it to the decedent with the keys. The latter called for pen, ink, and envelopes and was left alone. He retained the box for a day or two and then called the minor into the room where he was. Mrs. Moore and the minor both testified that decedent told the minor to take the box back to the bank and to keep the keys in his (the minor's) possession and not allow them out of his possession, and that in case anything should happen to him (decedent) to notify Mr. Tubbs, the tax appraiser at Yreka. The minor took the box to the bank and retained the keys.

On the day after the death of his uncle, the minor went to the bank. The vice-president of the bank, the executors of the will of decedent, the attorney of the bank, and the minor examined the contents of the box. Among other papers therein was a sealed envelope, addressed to the minor, containing a certificate for forty-three shares of the capital stock of the defendant bank, of the par value of one hundred dollars each, indorsed: "George Engwicht." Upon the outside of the envelope was the following indorsement: "Property of George Engwicht, my nephew. To be delivered to him after my death. George Engwicht." The envelope was returned to the safe deposit box, the box was locked by the minor and

placed by him in the vault, and he then locked the door and retained the keys. On July 6, 1916, demand was made on the bank for the delivery of the stock to the plaintiff. The bank refused the demand upon the ground that the same was claimed by the estate of the decedent.

The record shows that, as to the pleadings, the following proceedings took place: The complaint was filed July 17, 1916. It contained allegations of the appointment of plaintiff as guardian of the minor; the incorporation of the defendant bank; the appointment and qualification of the executors of the will of the decedent: "That on the 6th day of July, 1916, the said George Engwicht, a minor, was, and ever since said time, has been, and now is the owner and entitled to the possession of forty three shares of the capital stock of the said State Bank of Dunsmuir, which said stock was then and there, and ever since has been, and now is, in the possession of said bank." That, on said day, demand was made by plaintiff on defendant bank for the delivery of said stock and that the bank refused to comply with said demand; that the executors claim some right, title, or interest in and to said forty-three shares of stock, which claim is entirely without right. The prayer was: That said bank be required to deliver said stock to the plaintiff; that it be decreed that the executors have no right, title, or interest in or to said stock; and for judgment against the executors for costs.

On August 2, 1916, the bank and the executors filed separate answers, in which it was alleged that said shares of stock belonged to the estate of the decedent.

The cause was called for trial on the twentieth day of February, 1917. At that time counsel for the bank was granted leave to strike out its answer and substitute therefor a disclaimer on the part of the bank, which was done. At the same time the executors were permitted to file an amendment to their answer, which they did. They then made a motion for judgment on the pleadings, which motion the court denied. Thereupon, plaintiff was permitted to file an amendment to the complaint, alleging the death of the decedent and the fact that his nephew is a minor. Defendants then asked permission to file a demurrer to the complaint, specifying several grounds, which was objected to by plaintiff as coming too late, it being admitted by plaintiff that the objection that the complaint does not state a cause of action can be taken

advantage of at any stage of the proceedings, but an objection on other grounds cannot. The court overruled the objection, permitted the demurrer to be filed, and overruled that.

"A gift is a transfer of personal property, made voluntarily, and without consideration." (Civ. Code, sec. 1146.)

A verbal gift is valid where the means of obtaining possession and control of the thing are given, or where, if the thing given is capable of delivery, there is an actual or symbolical delivery of the thing to the donee. (Civ. Code, sec. 1147.)

"A gift in view of death is one which is made in contemplation, fear, or peril of death, and with intent that it shall take effect only in case of the death of the giver." (Civ. Code, sec. 1149.)

There can be no doubt that the evidence presented by this record would justify these findings: That the deceased, in contemplation of death, made a gift of forty-three shares of the capital stock of the defendant bank to the said minor, that said stock was represented by a certificate, and that the donor gave to the donee a key to the box containing the certificate and directed him to retain it until after his death. And from such findings the court would be justified in concluding as a matter of law that the donor gave to the donee the means for obtaining possession of the certificate, if, indeed, not the actual possession of the certificate, and that the gift of the stock constituted a *donatio causa mortis.* Therefore, it is with much regret that we find that we are constrained to reverse the judgment and remand the cause for another trial for reasons now to be considered.

The appellants contended at the trial, as they here contend, that the complaint does not state facts sufficient to constitute a cause of action. The point was raised by demurrer, interposed under the above indicated circumstances, by a motion for judgment for the defendants on the pleadings, by objection to evidence on the specific ground that the complaint fails to state a cause of action, and by motion for a nonsuit on the close of plaintiff's case. Among the grounds of demurrer were those of misjoinder of parties defendant and misjoinder of causes of action.

It will be conceded, no doubt, that the action here is not in conversion, there being no allegation that the stock was converted by the bank or any claim of damages for any wrongful conversion. It is clear that, so far as the defendant bank is

concerned, the action is essentially one in replevin, or, as our code designates an action for the recovery of the possession of specific personal property, claim and delivery. The complaint alleges that, on the 6th day of July, 1916, "the said George Engwicht, a minor, was, and ever since has been, and now is, the owner and entitled to the possession of forty-three shares of the capital stock of the State Bank of Dunsmuir"; that on said day he demanded of said bank that it deliver the said stock to the said plaintiff, which the said bank "refused to do, and still refuses to do."

As to the defendants, executors of the last will of the deceased, it is alleged that they (said executors) "claim some right, title, or interest in and to the said forty-three shares of the capital stock of the said State Bank of Dunsmuir, which claim is entirely without right."

Nowhere does the complaint refer to or describe the certificate evidencing the stock referred to therein, nor is there any other attempt to describe or identify the particular stock to recover the possession of which this action was brought.

That the mere reference in the complaint in such an action to recover possession of the stock of a corporation to the stock, without describing or referring to the certificate, if any there be, representing such stock, does not state a cause of action in claim and delivery, which is a possessory action, is not only an obvious proposition 'but one which has been so expressly determined by the cases. (*Ashton* v. *Heydenfeldt,* 124 Cal. 14, [56 Pac. 624]; *Bell* v. *Bank of California,* 153 Cal. 234, [94 Pac. 889].) In these cases it is said, quoting from the *syllabi* in the first named case: "An action of claim and delivery will not lie to recover shares of stock in a corporation, where the proceeding is not aimed at the certificate representing the shares, and it is not mentioned or described in the complaint." In other words, where the action is for the recovery of the possession of specific shares of stock, the complaint fails to state a cause of action in claim and delivery where it omits to mention or describe or identify in some appropriate way the certificate representing the shares so sued for.

The *rationale* of the rule as thus stated is obvious, and it is that, since an action in replevin or claim and delivery is, in its very nature, wholly adapted to the recovery of the possession of specific personal property, the property so sought to be recovered must exist in some concrete or tangible form,

capable of identification and seizure. Therefore, since "stock" in a corporation is "an incorporeal, intangible thing, and, therefore, incapable of identification or seizure under the writ," the proceeding must be aimed at the certificate representing the shares, if any there be. If there be no certificate of the shares, then, as stated, the action of claim and delivery obviously does not afford the proper remedy either for compelling the corporation to issue the stock of the party claiming to own it or for determining which of two or more adverse claimants of the stock is entitled to have the certificate thereof issued and delivered to him.

As to the defendants (executors of the last will of the deceased), the complaint does not charge that they ever had, or now have, possession, either actual or constructive, of the stock. Obviously, the action of claim and delivery is not available or appropriate as against them. Nor, as against said defendants, does the complaint state a cause of action under section 1050 of the Code of Civil Procedure, which authorizes an action by "one person against another for the purpose of determining an adverse claim, which the latter makes against the former for money or property upon an alleged obligation." So far as the executors are concerned, the allegations of the complaint are more in the nature of or appropriate to an action to quiet title, but it is well settled that no action will lie in this state to quiet title to personal property. (*Fudickar* v. *East Riverside Irr. Dist.,* 109 Cal. 29, [41 Pac. 1024] ; *Gagossian* v. *Arakelian,* 9 Cal. App. 571, [99 Pac. 1113].) Viewing, then, the action against the bank as one in claim and delivery, it is evident that the executors are not proper parties to the suit and were improperly joined. In any event, however, it is clear that the complaint does not state a cause of action of any character against the executors. It follows that since, as above shown, no cause of action in claim and delivery against the bank is stated in the complaint, the court below should have sustained both demurrers to that pleading.

But it is argued by the respondent that the answer of the bank supplied and so cured the pretermitted averment in the complaint essential to the statement of a cause of action in claim and delivery to recover the possession of the stock. We do not think that it can properly be so held.

The bank, as seen, was granted leave by the court to strike out its answer, originally interposed, and file in lieu thereof

39 Cal. App.—34

a disclaimer, whereby it disclaimed any and all interest in the "subject matter of the above entitled action." This amendment superseded and eliminated from the case as a pleading the answer previously filed by the bank. While an original complaint, superseded by an amended complaint, may be considered for some purposes—as, for instance, to determine when the action has been commenced or whether a new cause of action, different from that stated in the original complaint, has been set up in the amended complaint—yet it performs no function as a pleading in the case. We can see no purpose which a superseded answer can subserve, particularly where the amended answer sets forth a full defense to the action or where, as here, the defendant by the amended answer disclaims or renounces any interest in the subject matter of the action. Certainly it cannot be considered for the purpose of supplying essential facts omitted from the complaint for the very obvious reason that the only live pleadings in the case are those by which the issues of fact have been framed and upon which the trial was had. It seems to us that, to permit an examination of an answer which, as a pleading, has become *functus officio* in the action by reason of the filing of an amended answer, for the purpose of finding some averment or admission therein which, if the answer had not been amended and so had remained as the answer, would have cured a defect in the complaint, otherwise fatal, would in practical effect be the same as attempting to cure such a defect by proving that the defendant had extrajudicially admitted the alleged curative fact. But, conceding that the original answer may be considered for the purpose suggested, yet we are still of the opinion that it could not have the effect of aiding the complaint in the statement of a cause of action, since it nowhere refers to or mentions the certificate representing the stock, although it admits that the bank has in its possession forty-three shares of its capital stock, which was issued to the deceased in his lifetime. The rule requiring, in an action of claim and delivery for the recovery of the possession of shares of stock in a corporation, that the proceeding shall "be aimed at the certificate representing the stock" so sued for and that the complaint must, therefore, describe the stock or in some manner so refer to it as clearly to show that the certificate is the thing whose possession is thus sought, is, as has been shown, based upon the proposition that the action of claim

and delivery is for the recovery of the possession of specific personal property and that, to render that form of action available, it must of necessity be shown by the complaint as well as by the proofs that the property so sued for is in a form susceptible of physical possession or capable of seizure. The answer, no less than the complaint, falls far short of disclosing that the ''forty-three shares of stock'' are represented or evidenced by a certificate or have any existence as property except in mere contemplation of the mind.

Nor was the effect of the failure of the complaint to state a cause of action overcome by the introduction of evidence disclosing that the stock referred to in the plaintiff's pleading was evidenced by a certificate, inasmuch as the appellants objected to the allowance of any and all of the evidence offered by the plaintiff, including that represented by the certificate itself, upon the ground, among others, that no cause of action was stated in the complaint.

It is further objected that the findings and judgment are too vague, indefinite, and uncertain to facilitate identification and seizure of the property therein referred to. This is necessarily so, since the findings and the judgment follow the averments of the complaint and merely find and adjudge that the plaintiff is the owner of and entitled to the possession of ''forty-three shares of the capital stock of the State Bank of Dunsmuir.''

We do not, however, agree with counsel for the appellants in the contention that the defendant bank has no possession of the certificate of stock which was given to the plaintiff's minor. While the evidence shows it to be true that the minor has in legal contemplation possession of the certificate, the bank nevertheless has such control over the deposit vault in which the box containing the certificate is kept as that it may prevent any person from taking from the vault any box or papers therein deposited. It is, therefore, correct to say that the bank and the minor have joint possession of the box and its contents, assuming, of course, that the evidence will show, as the evidence in the present record seems clearly enough to show, that the key to the box was given by the deceased to the minor to retain in his possession until after the former's death, a circumstance strongly tending to prove that the possession of the box was given over to the minor by the de-

ceased. It follows that, as to the bank, claim and delivery is an appropriate action.

We think that, under the circumstances of this case, the plaintiff should be permitted to amend his complaint and, therefore, the judgment is reversed with a direction to the court below to allow the plaintiff, if he be so advised, to amend his complaint in accordance with the views herein expressed.

Buck, P. J., *pro tem.,* and Burnett, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 1, 1919, and the following modification of opinion then rendered:

THE COURT.—The appellants, petitioning for a rehearing of this cause, particularly object to that portion of our former opinion in which we held that the evidence as disclosed by the present record that the deceased, during his fatal illness, inclosed in an envelope certain shares of stock of the State Bank of Dunsmuir, with an indorsement on the back of said envelope that the contents thereof were the property of his nephew, to be delivered to him after the death of deceased, and thereupon placed the envelope in his (deceased's) private box and delivered the latter, with the key thereto, to his nephew, with instructions that the box be returned to the safe deposit vault in the bank, which was done by the minor, who retained in his possession the keys to the box and the vault, appeared to show a *causa mortis* gift of the stock to said minor. It is in the petition vigorously contended that whether the facts as developed by the evidence showed a *donatio causa mortis* is at least debatable, and that that proposition should not now be decided.

Upon a careful consideration of the petition we have been persuaded that there appears to be some force in the argument of counsel upon that proposition, and that, since what was said thereon upon that question was wholly unnecessary to the decision of the principal point submitted by the appeal and discussed in the briefs, the proposition should not be decided here. Another trial might result in bringing out evidence addressed to that question not brought out at the trial already had which would more clearly disclose the legal nature of the transaction than does the evidence now before us. It is not

deemed necessary, though, to grant a rehearing and thus postpone the final disposition_ of the case for several months. Therefore, the former opinion will be and is hereby modified by striking therefrom the following language:

"'A gift is a transfer of personal property, made voluntarily, and without consideration.' (Civ. Code, sec. 1146.)

"A verbal gift is valid where the means of obtaining possession and control of the thing are given, or where, if the thing given is capable of delivery, there is an actual or symbolical delivery of the thing to the donee. (Civ. Code, sec. 1147.)

"'A gift in view of death is one which is made in contemplation, fear, or peril of death, and with intent that it shall take effect only in case of the death of the giver.' (Civ. Code, sec. 1149.)

"There can be no doubt that the evidence presented by this record would justify these findings: That the deceased, in contemplation of death, made a gift of forty-three shares of the capital stock of the defendant bank to the said minor, that said stock was represented by a certificate, and that the donor gave to the donee a key to the box containing the certificate and directed him to retain it until after his death. And from such findings the court would be justified in concluding as a matter of law that the donor gave to the donee the means for obtaining possession of the certificate, if, indeed, not the actual possession of the certificate, and that the gift of the stock constituted a *donatio causa mortis.* Therefore, it is with much regret that we find that we are constrained to reverse the judgment and remand the cause for another trial for reasons now to be considered."

With the foregoing modification of the opinion, the petition for a rehearing will be and the same is hereby denied.