[Civ. No. 4019. Third Appellate District.—April 12, 1930.]

MARY C. HILL, as Administratrix, etc., Respondent, **v.** PATRICK WALSH, Jr., et al., Appellants.

N. J. Barry and Wm. Kearney for Appellants.

J. E. Pardee and R. M. Rankin for Respondent.

PARKER, J., *pro tem.*—This is an action in claim and delivery for the recovery of certain personal property. Plain-

tiff had judgment for the return of the property, or for the value thereof, in case a return could not be made. From this judgment defendants appeal on the judgment-roll alone.

But one point is presented on the appeal. Appellants contend that the judgment is too uncertain to be enforced, or enforceable, and that there is no description of the property sufficient to enable an officer executing the judgment to identify the property.

As indicated, we have before us the judgment-roll alone.

The complaint alleges, among other things, that certain personal property is in possession of defendants, and describes that property as follows:

| Article | Value |
|---|---|
| 2 Buck rakes | $ 125.00 |
| 2 Mowers | 125.00 |
| 4 Wagons | 200.00 |
| 5 Hay nets | 50.00 |
| 1 Grain binder | 70.00 |
| 1 Derrick and equipment | 135.00 |
| 2 Side-delivery rakes | 135.00 |
| 2 Sulky rakes | 70.00 |
| 1 Tractor | 1,350.00 |
| Stoves and household goods | 175.00 |
| 1–500 gallon tank on wheels | 90.00 |
| 1 Grain drill | 50.00 |
| 1 6-disc tractor plow | 225.00 |
| 1 Walking plow | 10.00 |
| 1 2½ h. p. gas engine | 50.00 |
| Sundry tools and implements | 75.00 |
| Total | $2,935.00 |

In the trial court's findings of fact the property is again described in exactly the same manner, and in the judgment it is ordered that plaintiff do have and recover from defendants the possession of the property described in plaintiff's complaint as follows: (Here follows the same description, including values, as hereinbefore tabulated), the judgment providing the alternative of payment of values found in case delivery could not be made.

Appellant relies mainly upon the California cases cited as follows: *Walsh* v. *Smith,* 45 Cal. 230; *Kelly* v. *McKibben,* 54 Cal. 192; *Cooke* v. *Aguirre,* 86 Cal. 479 [25 Pac. 5];

*Hawley* v. *Kocher,* 123 Cal. 77 [55 Pac. 696]; *Lamus* v. *Engwicht,* 39 Cal. App. 524 [179 Pac. 435]. In *Walsh* v. *Smith* it is said: "The description of the goods recovered is obviously insufficient to sustain a judgment in replevin, unless, perhaps, it be aided in this instance by reference to the description set forth in the complaint. On looking into the complaint, however, the description there given is, if possible, even less definite than that found in the judgment." It might be noted that the judgment in the case of *Walsh* v. *Smith* was for the restitution and possession of goods described as "Buckwheat, valued at three hundred and sixty-five dollars; sweet potatoes valued at thirty-nine dollars; Irish potatoes valued at one hundred and sixty dollars and squash valued at one hundred and forty-five dollars."

In *Kelly* v. *McKibben, supra,* it is said: "The mode of describing the property recovered in the judgment, is not one that we can conscientiously recommend as a precedent. But the description is not uncertain. That is certain which can be made certain."

In *Cooke* v. *Aguirre, supra,* the judgment of the lower court was reversed for many reasons, and the last to be stated was as follows: "The judgment contains no sufficient description of the property, nor does it refer to any other pleading or paper for such description."

In the case of *Hawley* v. *Kocher, supra,* the decision was on the lower court's sustaining of a demurrer for uncertainty.

The last-cited case, *Lamus* v. *Engwicht, supra,* is authority only to the point that an action in replevin will not lie to recover "shares of stock" in a corporation, and does not aid us here. ▇ The cited cases support the claim of appellant to the extent that property sought to be recovered in an action in claim and delivery must be described with reasonable certainty. But these decisions are likewise in accord on the point that in such an action the recitals or description in the judgment may and must be aided by the entire record comprising the judgment-roll. And as a corollary to this we have the constitutional provision, section 4½, article VI, of the state Constitution, declaring, in effect, that error must work injustice in the case under review

before a judgment should be set aside. With these principles in mind we review the record before us.

█ The complaint of plaintiff describes the property as hereinbefore indicated. Defendants entered a general demurrer to the complaint, but make no specification of uncertainty or ambiguity. The demurrer being overruled, defendants answered. In the answer no point is urged as to the uncertain description. On the contrary, by answer the defendants deny that plaintiff is entitled to the possession of the property mentioned in the complaint, or any part thereof. They allege that they have an interest in the property against the claims of plaintiff. Defendants then set up that they held a chattel mortgage covering the said property, which chattel mortgage provided that upon breach, the mortgagees might take possession of the chattels mortgaged. They then allege the breach, and the further fact that plaintiff did thereupon turn over to them the possession of all of the personal property mentioned in the complaint, and that defendants, since that time, have been in the sole, exclusive and undisputed possession thereof. Further, defendants plead the pending of another action, and allege that the same identical rights between the parties are involved in the former suit and the one at bar, and that the nature, object and character of said former suit is the same as the nature, character and object of the suit at bar. Further, the answer sets up the claim that other persons not parties to the suit assert some interest in the property, and defendants ask that these persons be made parties, as necessary to a complete determination of the controversy. Defendants pray a decree establishing their lien upon the property and their right to retain possession thereof. The findings are against defendants on all issues, and the judgment follows.

We may adopt the language of the court in the case of *Kelly* v. *McKibben, supra*, as follows: "The mode of describing the property recovered in the judgment is not one that we can conscientiously recommend as a precedent." But where the pleadings leave no possible doubt concerning the identity of the particular articles in controversy, and all of the issues presented and tried are framed upon mutual assent as to the specific property involved, it indeed comes with poor grace to attempt to defeat the judgment by a

claim that possibly some third person reading the judgment could not immediately identify the property therein named. Surely, the defendants, under the record, could not have been misled. They have admitted under oath their ability to deliver the property described in the complaint and have asked the judgment of the court for a decree establishing their right to retain it. ■ It is not enough to establish, academically, the presence of some error to justify a reversal. Appellants must go further and show that some right of theirs has been abridged, or that by reason of the error complained of a fair hearing and determination has not been accorded them.

The judgment is affirmed.

Thompson (R. L.), J., and Plummer, Acting P. J., concurred.