[Civ. No. 10107. First Appellate District, Division Two.—March 14, 1936.]

MARION H. KOHN, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

460

Pillsbury, Madison & Sutro, Philip S. Ehrlich, Marshall P. Madison, Eugene D. Bennett and Gerald S. Levin for Petitioner.

Sullivan, Roche & Johnson, Theo. J. Roche, Heller, Ehrman, White & McAuliffe and Martin Minney, Jr., for Respondents.

STURTEVANT, J.—This is an application for a writ of prohibition. Heretofore the plaintiff had in his possession a large number of letters, cards and telegrams. There were from one thousand to two thousand of them. Some were originals, others copies. Some were letters received by the plaintiff from his mother, other letters received by him from his wife. Some were copies of letters written by the plaintiff to his mother, or to his wife, or to some other person. The plaintiff kept the documents under lock and key either in his desk or in a trunk or chest. While the said documents were so in his possession the plaintiff's wife, who at that time was estranged from him, opened the receptacles containing said documents and took out instruments variously estimated at from one thousand to two thousand and delivered them to Edward Rothchild in San Francisco. He delivered them to George Kohn, since deceased, the father of the plaintiff who was also estranged from the plaintiff. Mr. Kohn delivered them to Mr. Jerome B. White, an attorney at law, with instructions to examine the documents and advise George Kohn whether said documents contained such information as would

furnish the evidence to justify an action for damages against Mrs. George Kohn for the alleged cause of alienating the affections of this plaintiff, her son, from Dorris Kohn, her daughter-in-law. Mr. White made the examination and reported adversely. While the documents were in his possession, Mr. White marked each one with a letter and number, and as so indexed he later produced them in court together with a complete written description. He also caused photostatic copies of each document to be made. Later George Kohn died while the said documents were still in the possession of Mr. White. George Kohn left a will by the terms of which he left nothing to this plaintiff, his son. In the will he named Crocker First National Bank of San Francisco and Jerome B. White as executors of the will. They were appointed as special administrators and as such took possession of said documents and now hold them. This plaintiff filed a contest against the petition to admit the will of George Kohn to probate. That contest is at issue and will soon be tried.

This plaintiff commenced an action in replevin against the Crocker First National Bank of San Francisco and Jerome B. White to recover the possession of said documents. On the trial the plaintiff called Mrs. Dorris Kohn who testified she broke open plaintiff's locked trunk and his locked desk during the absence of the plaintiff, took out the documents in suit, put them in a suitcase and mailed it to Mr. Edward Rothchild. He took the stand and testified that he turned the suitcase and its contents over to Mr. Jerome B. White. The latter was called as a witness by the plaintiff and testified that he received from Mr. Rothchild the suitcase and its contents and produced the same in court. After the plaintiff rested his case the defendants made a motion for a nonsuit. The motion was denied and thereupon the defendants called the plaintiff to the stand and, after some preliminary examination, proceeded to interrogate the witness as to each document, thereupon to offer the document in evidence and read its contents into the record. This plaintiff objected to all questions having the effect of giving publicity to the contents of said documents and objected to said documents being read into the record but his objections were overruled. After five or more of said documents had been read an adjournment of said hearing was granted and the plaintiff commenced this proceeding.

The briefs of counsel cite many authorities from outside of the state of California. As the statutes on which they were decided were not identical with the statutes of this state, many matters are presented that are not helpful in the instant litigation. The plaintiff contends that the trial court is depriving him, and threatening to deprive him, of his constitutional rights. He cites section 19 of article I of the Constitution. That section provides: "The right of the people to be secure in their persons, houses, papers and effects, against unreasonable seizure and searches, shall not be violated; . . . " Section 22 of article I provides: "The provisions of this Constitution are mandatory and prohibitory, unless by express words they are declared to be otherwise."

Even when a statute containing prohibitions is the embodiment of the law, the doing of an act by a court or other tribunal in violation of the terms of such prohibitions is an excess of jurisdiction. (*Modoc Land etc. Co.* v. *Superior Court*, 128 Cal. 255, 256 [60 Pac. 848].)    As shown above when the suitcase and its contents were produced in court it transpired that the documents had been taken from the plaintiff without his consent and not pursuant to the manner provided by law. (Code Civ. Proc., secs. 1000, 1985.) Although the court was in no manner responsible for the wrongful act of taking said documents from the possession of this plaintiff and had done nothing regarding the production of the papers in court, nevertheless when the nature of the documents appeared the prohibitions contained in the Constitution were a clear limit on the power of the court to receive said documents in evidence or to make any inspection thereof. (*Potter* v. *Beal*, 50 Fed. 860.) Presenting the same questions from a slightly different angle, it is the settled law of the state of California that when the plaintiff was on the stand as a witness if the trial court had directed him to go to his office or residence, as the case might be, and bring from there the suitcase containing approximately one thousand different documents, without specifying the particular documents, or any showing being made as to the materiality of the contents of said documents in the action on trial, said order would be in excess of jurisdiction and the plaintiff would not be bound to comply therewith. (*Ex parte Clarke*, 126 Cal. 235 [58 Pac. 546, 77 Am. St. Rep. 175, 46 L. R. A. 835].) Under the facts above recited Mrs. Kohn had wrong-

fully taken the documents and they had passed from hand to hand until they had come, without the consent of the plaintiff, into the hands of the special administrators. When thereafter the documents were offered in evidence, and by order of the court they were read in evidence, the only difference between the situation there presented and that presented in the case of *Ex parte Clarke, supra,* rested in the fact that the court had not ordered the documents into the courtroom. The infringements of the rights of the plaintiff were otherwise the same. By ordering the documents admitted and afterwards read in evidence, the court exceeded its jurisdiction.

Nothing said above is in any way opposed to anything decided in *People* v. *Mayen,* 188 Cal. 237 [205 Pac. 435, 24 A. L. R. 1383]. In that case the defendant was charged with grand larceny. His premises were illegally searched and certain articles of personal property were taken therefrom. Later some of said articles were offered in evidence against him. The defendant objected claiming that said articles had been illegally taken from his possession. The trial court held, and its holding was upheld in the decision cited, that in the criminal action on trial the court would not pause to inject a collateral issue as to whether the offered evidence was obtained legally or illegally but as it was relevant to the issue on trial it would be admitted. ■ Whereas, in the replevin action out of which this proceeding arose, the very issue before the court was whether the documents in suit had been wrongfully taken from this plaintiff. If, as he claimed, they had been wrongfully taken, then it was the duty of the court to order them returned to him with as little inspection as the issues would permit and not to aid, nor become a party to, the wrongful taking in any respect whatever.

■ The plaintiff cites many authorities to the effect that prohibition may properly be granted where the court or tribunal sought to be restrained is about to make an unauthorized application of judicial power in a matter otherwise properly cognizable by it. (50 C. J. 666; 21 Cal. Jur. 584; High's Extraordinary Remedies, 3d ed., 734.) The defendants do not challenge that general rule but they assert that entertaining this application while the hearing of the replevin action is on trial will be a dangerous precedent. We think not, but necessary and proper under the facts involved.

 Nor do we find that the plaintiff has an adequate remedy at law. The defendants assert he may dismiss the replevin action and that such dismissal is such a remedy. (*Yolo Water etc. Co.* v. *Superior Court,* 43 Cal. App. 332 [185 Pac. 195].) That case is not an authority to the effect claimed for it. To hold that a dismissal is, as to this plaintiff, his remedy, is in effect to hold that he has no remedy for being deprived of his private correspondence. But in this state it is statutory that for every wrong there is a remedy. (Civ. Code, sec. 3523.)

It is therefore ordered that a peremptory writ of prohibition issue as prayed for in the petition on file herein.

Spence, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 11, 1936.