[Civ. No. 10362. First Appellate District, Division One.—August 4, 1937.]

MARION H. KOHN, Respondent, v. CROCKER FIRST NATIONAL BANK OF SAN FRANCISCO et al., Appellants.

Sullivan, Roche & Johnson, Theodore J. Roche, Martin Minney, Jr., and Heller, Ehrman, White & McAuliffe for Appellants.

Pillsbury, Madison & Sutro, Philip S. Ehrlich, Marshall P. Madison, Eugene D. Bennett and Gerald S. Levin for Respondent.

THE COURT.—Action in replevin. Plaintiff sued to recover numerous papers and documents which he alleged were his property and that he was entitled to the possession thereof. Defendants in their answer denied plaintiff's ownership and right of possession. After trial judgment went in favor of plaintiff for the return of the property and defendants appeal.

It appeared in evidence without conflict that the property in question consisted of numerous letters and documents contained in a certain suitcase and that the same were unlawfully and surreptitiously taken from the possession of the plaintiff by his wife, Doris Kohn, and transmitted to one Edward Rothchild who delivered the same to George A. Kohn, now deceased, the father of respondent on or about August 11, 1933, in the presence of defendant Jerome B. White, an attorney at law, to whom George A. Kohn turned over the letters with instructions to examine them and advise him whether they contained sufficient information as would furnish the evidence to justify an action for damages against Mrs. George A. Kohn for alienating the affections of plaintiff, her son, from Doris Kohn, her daughter-in-law. Mr. White made the examination and reported to Doris Kohn that he had read all the letters and had concluded that there was not sufficient material to furnish the basis for a suit for alienation of affections against Mrs. George A. Kohn, and he further advised Doris Kohn that she should leave the letters where they were and return to her husband and obtain new material which should be forwarded to him in the event she had any trouble with her husband. The suitcase and its contents were retained by Mr. White in his office and he had both there prior to the death of George A. Kohn, which occurred on August 4, 1934. While in his possession each of the letters was marked by Mr. White with a letter and number and as so indexed he produced them at the trial, together with

complete lists describing the same, which lists were admitted in evidence. White also caused photostatic copies of each letter to be made which still remain in his possession. It further appeared in evidence that plaintiff had not been friendly with his father for years and that his mother likewise was very antagonistic to her husband. Mother and son had indulged in a course of correspondence for a number of years and much of the correspondence is the subject of this litigation. During the course of the trial it was indicated by defendants that while they claimed the letters and documents as part of the estate of George A. Kohn, their object in retaining the same was to have them available and capable of use in a contest by plaintiff of his deceased father's will, which disinherited him, the claim being made that the letters demonstrated the fact that a conspiracy existed between plaintiff on the one side and his mother on the other, directed against his father and her husband. In order to create a record of the instruments it was attempted on cross-examination of respondent to read the various letters in evidence for the purpose of identifying them. The trial court refused to permit this to be done. The ruling was made in obedience to a writ of prohibition issued by the District Court of Appeal during the course of the trial (*Kohn* v. *Superior Court*, 12 Cal. App. (2d) 459 [55 Pac. (2d) 1186]), this being a proceeding to restrain the trial court in the instant case from admitting and reading the letters and documents in evidence. In that case it was held that to allow plaintiff's letters to be read into evidence would constitute an infringement of his rights guaranteed by section 19 of article I of the Constitution of the state of California.

Appellants complain of the ruling of the trial court, claiming that it deprived them of their day in court and their right to interpose a defense. The ruling had no such effect as it did not deprive appellants from introducing any evidence tending to show that they had title to the instruments in question. The only claim they made to the property was that it belonged to the estate of George A. Kohn, deceased. The undisputed facts show that the letters and documents were the property of respondent and had been surreptitiously removed from his possession. While it appeared that a few of the documents belonged to the wife of respondent, she testified that she had given them to her husband, and that they were always in his possession and she had no

interest in the same. Respondent established by undisputed evidence not only his ownership in the documents but also his right to possession of the same. Appellants made no attempt to overcome respondent's showing, their only effort being to establish a judicial record of the contents of respondent's private papers as evidenced by the statement of counsel for appellants.

Appellants next complain that the judgment is defective for the reason that it fails to describe sufficiently the property. The judgment recited that respondent recover from appellants "the possession of that certain medium-sized suitcase and the contents thereof referred to in the decision of this court, and plaintiff's costs of suit". Appellants knew the property involved in the action and had a complete list of the documents. There could therefore be no doubt concerning the same. Where the pleadings leave no possible doubt concerning the identity of the property, and all the issues presented and tried are framed upon mutual assent as to the specific property involved, a judgment for the return of the property cannot be defeated for insufficiency of a description. (*Hill* v. *Walsh,* 105 Cal. App. 195 [287 Pac. 119].) The parties by their pleading and proof understood just what property was in dispute; the letters and documents had been in the possession of appellants who held the same in behalf of the estate of George A. Kohn, who had no title to the same.

The appeal is without merit. The judgment is affirmed.